## Johnston, et al. v. Stephens, et al.

(Decided December 9, 1924.)

### Appeal from McCreary Circuit Court.

1. Receivers—Receiver Entitled in Proper Case to Services of Counsel and Reasonable Allowance for Such Services, Out of Funds in Hand.—Receiver and other fiduciaries are entitled in proper case to assistance of counsel and reasonable allowance for such services out of the funds in hand.

2. Receivers—Order Taxing Allowance for Attorneys' Fees as Costs Against Plaintiffs, and Awarding Execution Thereon Held Error.—In action to quiet title in which a receiver was appointed, trial court's order taxing allowance for attorneys' fees as costs against plaintiffs, and awarding execution thereon, held error, where it did not appear how much was intended for each attorney or that allowances could not have been collected from the property, in view of Ky. Stats., section 489, and Civil Code of Practice, section 444.

3. Attorney and Client—Attorney's Right to a Lien May on Motion be Noted of Record.—In cases where attorneys are entitled to a lien on the recovery, that fact may on motion be noted of record.

4. Attorney and Client—Enforcement of Attorney's Lien by Motion Requires Notice and Opportunity to be Heard.—Enforcement of attorney's lien by motion in original action, requires notice and opportunity to be heard.

5. Attorney and Client—When Judgment on Attorney's Lien is in Rem Only and Does Not Authorize Execution, Stated.—Where an attorney enforces his lien by motion in original action after proper notice, a judgment without pleadings, summons, or entrance of appearance, is in rem only and will not authorize an execution.

6. Receivers—Trial Court Held Not Authorized to Fix Compensation of Plaintiffs' Attorneys and to Tax it as Costs or Award Execution on Same.—Trial court held not authorized to fix compensation of plaintiffs' attorneys for services rendered receiver, and to tax that as costs against them or to award execution on same.

H. C. GILLIS for appellants.

J. E. STEPHENS, W. H. CAYLOR, JOHN SAMPSON, I. N. STEPHENS and E. L STEPHENS for appellees

Opinion of the Court by Judge McCandless—Reversing.

This is an appeal from an allowance of $800.00 to attorneys, as fees in representing the plaintiff, and the court's receiver in the above styled action, it being adjudged that this should be charged to the plaintiffs and taxed as costs, an execution being also awarded against the plaintiff.

The record is certified as complete by the clerk of the lower court, though many of the papers are obviously missing, presumably being lost. However, it may be gathered that the action was originally begun as a forcible detainer proceeding in the county court, and pending the litigation was transferred to the circuit court. Later, in that court a petition was filed by the plaintiffs, seeking to quiet their title to the lands described, and in it a final judgment was rendered in their favor by default.

The property consisted of coal lands and a coal mine, with equipment and camp houses, all located in McCreary county. In the early stages of the proceedings, upon motion of plaintiff, a receiver was appointed to take charge of the land and rent out the property pending the litigation. The receiver made a report on the 15th of August, 1917, in which he reported that he had collected $505 51, that there was then due him uncollected $1,092.54; that he had paid out $452.37, including $95.00 as attorneys' fees.

On March 30, 1921, the receiver made a final report and settlement. In it he reported nothing as collected and nothing as paid out since his report of August, 1917, and asked for an additional allowance of $300.00 for his services. Prior to that time in June, 1917, he had been allowed the sum of $100.00 for such services, and in March, 1920, the sum of $135.00. The sum of $300.00 last asked was also allowed him, making a total of $535.00 allowed the receiver.

It also appears that prior to the allowances complained of in this action, the following allowances were made to attorneys representing the receiver. At the February, 1916, term to Stevens and Gilbreath, $25.00. At the June, 1917, term to the same firm $25.00. At the same term to John W. Sampson, $50.00. At the August term, 1917, to J. E. Stevens, $25.00. At the same term to W. S. Gilbreath, $20.00. At the August term, 1920, to Stevens and Gaylor, $60.00. These allowances seem

to have been made for services rendered the receiver in forcible detainer actions and in settlement of his accounts.

Inasmuch as the receiver only reported $505.51 as collected and apparently left over $1,000.00 uncollected, it is difficult to understand the necessity of employing five sets of attorneys, or the basis of compensation for the services of attorneys rendered subsequent to August, 1920. A receiver in a proper case is entitled to the assistance of counsel, and to have a reasonable allowance made for such services out of the funds on hand. 34 Cyc. 463. And this rule applies to other fiduciaries. Also in the cases laid down in section 489, Kentucky Statutes, the one who prosecutes an action for the benefit of himself and others jointly interested, may have his costs, including a reasonable attorney's fee paid out of the common fund and taxed as costs, and this principle has been freely applied in cases of similar character; the practice being for the court to fix and allow the fees, either with or without the aid of a commissioner; the party affected being afforded an opportunity for a hearing, actual prior notice not being required for such action. But these allowances are made out of the trust fund and do not justify a personal judgment and execution, only in exceptional cases not necessary to be here considered (34 Cyc. 366). Under section 444, Civil Code, and in other cases that might be mentioned a personal judgment may be rendered on motion, but ordinarily this may not be done except in an action where the party appears or is duly summoned; and no execution will issue against the successful party upon matters taxed as costs; and generally as against the loser it will be only for legal costs. Of course where specifically outlined by statute such as allowances to the wife for her attorney's fees in divorce, and similar cases, orders of allowance are collected in same way as legal costs in the action.

The order of November 21, 1921, allowing the $800.00 in fees, states the allowance was made on proof heard in open court. That proof is not before us. Perhaps the proof showed a reason for an allowance to the receiver for additional attorneys' fees, though from the record before us this is hard to conceive. But if so, it does not appear how much of the $800.00 was intended for its attorney or the allowances to them could not have been collected from the income, and the court was not

justified in taxing it as costs against plaintiffs, nor in awarding an execution thereon.

Nor was the court authorized to fix the compensation of plaintiffs' attorneys, and tax that as costs against them, or to award an execution on same. In cases where attorneys are entitled to a lien on the recovery, this may on motion be noted of record. There is a conflict of authority as to how such lien may be enforced (case note 51 A. S. R. 273). But it has been held in this court that it may be done by motion in the original action after proper notice, but even in that character of case notice and an opportunity to be heard must be given. Coombs v. Coombs, 26 R. 617. And in such cases the judgment in the absence of pleadings, summons or entrance of appearance would be *in rem* only, and would not authorize an execution.

Wherefore judgment is reversed and cause remanded for proceedings consistent with this opinion.