## Hubbard v. Goffinett.

(Decided April 17, 1934.)

ROBERT HUBBARD in pro. per.

J. W. STERNBERG for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In the month of April, 1926, Edward A. Goffinett, Sr., was granted a divorce from his wife, Barbara Goffinett. In the month of February, 1927, judgment was entered requiring Goffinett to pay his former wife alimony in the sum of $50 a month. No payments of alimony were made, and, after two other attorneys had failed in their efforts to enforce collection, Mrs. Goffi-

nett made two contracts with Robert Hubbard, an attorney, one dated May 10, 1932, by which she agreed to pay him for his services in collecting back alimony "a fee equal to 50% of any amount recovered, either by compromise, settlement, judgment of court, or in any manner collected and recovered, and in event the attorney does not recover anything, or collect anything, he agrees not to charge any fee." By the second contract, dated May 19, 1932, Mrs. Goffinett agreed to pay Hubbard "a fee equal to fifty [50%] per cent. of any amount of future alimony that is to accrue which he may collect, or cause to be collected, either by settlement, judgment or compromise, and in event the attorney does not recover any alimony, then he agrees not to charge any fee." A few days after his employment, Hubbard entered a motion in the court for a judgment for $1,800 back alimony, and for a rule against Mr. Goffinett to show cause, if any he could, why he should not be punished for his failure to comply with the order of court directing him to pay Mrs. Goffinett $50 a month. Judgment was entered in favor of Mrs. Goffinett for $1,800, with interest, and Mr. Goffinett was ordered to pay Mrs. Goffinett $50 a month on the first of each month. Mrs. Goffinett excepted to the judgment, and moved the court to require Mr. Goffinett to pay her in the future $50 a month, and also to pay her $50 a month on the judgment theretofore rendered. The court denied the additional relief, and merely required Mr. Goffinett to make regularly the payments of $50 a month. On appeal by Mrs. Goffinett, judgment was reversed and cause remanded, with directions to require Mr. Goffinett to pay $16.66 a month on back alimony in addition to the $50 a month for future alimony. Goffinett v. Goffinett, 247 Ky. 698, 57 S. W. (2d) 674. On the return of the case, judgment was entered accordingly, and Goffinett is now making the required payments.

Late in the spring of 1932 Mrs. Goffinett discharged Hubbard and employed another attorney. Thereupon Hubbard filed a motion setting out his contracts with Mrs. Goffinett, and asking that he be adjudged an attorney's lien on the alimony paid and to be paid, and in support of the motion filed his affidavit describing at length the character and extent of the services he had performed. After adverting to the fact that the contract of employment was entered into in good faith, and complimenting Mr. Hubbard on his great industry and

diligence, the chancellor allowed him a lien on the payments of back alimony, but denied him a lien on payments of future alimony. The denial was based on the ground that the contract fee was excessive, and that the words "cause to be collected" in the second contract contemplated that some action was to be taken by Hubbard to enforce the collection. Hubbard appeals.

Hubbard takes the position that, as the contract was made in good faith, and without Mrs. Goffinett's being overreached, and the current payments of alimony are due solely to his efforts, he is entitled to his contract fee, which the chancellor was without power to modify. Whether there would be merit in this contention, if Hubbard had not been discharged, we deem it unnecessary to decide. It is sufficient to say that under the law of this state a client may at any time discharge his attorney, and substitute another in his place, but, if he has performed services under the contract, he is entitled to recover compensation to the extent of the services performed, based on a quantum meruit, and not on the terms of the contract. Gordon, Huffaker & Garnett v. Morrow, 186 Ky. 713, 218 S. W. 258; Henry v. Vance, 111 Ky. 72, 63 S. W. 273, 23 Ky. Law Rep. 491; Breathitt Coal, Iron & Lumber Co. v. Gregory, 78 S. W. 148, 25 Ky. Law Rep. 1507; Goodin v. Hays, 88 S. W. 1101, 28 Ky. Law Rep. 112. In the circumstances, Hubbard's contract is at an end, and he is not entitled to his contract fee for services that he cannot render. However, he is entitled to a lien for the value of his services up to the time of his discharge, and, as the case was not decided on that theory, we think the ends of justice require that it be remanded for that purpose.

Judgment reversed, and cause remanded for proceedings not inconsistent with this opinion.