## Commonwealth, for Use and Benefit of Clay County, et al. v. Sizemore et al.

(Decided May 11, 1937.)

724

A. T. W. MANNING and T. T. BURCHELL for appellants.
ROY W. HOUSE and WILLIAM RICE for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The petition in this case was signed and filed by T. T. Burchell and A. T. W. Manning as attorneys for the "Commonwealth for Use and Benefit of Clay County and Clay County Board of Education" against the appellees S. V. Sizemore and the sureties on his bond as county clerk, alleging in effect that Sizemore, in his official capacity, had collected from the taxpayers for the redemption of property sold for taxes the sum of $6,159.18, of which $2,922.93 were taxes due the county, and $3,236.25 due the County Board of Education. These collections, it was charged, he had failed and refused to account for or pay over to the officers entitled to receive the same. Judgment for an accounting and recovery was prayed.

Not long after the filing of this suit and others against the sheriff and a former sheriff, the courthouse and records were destroyed by fire. When the record had been supplied, William Rice, the county attorney, filed a plea in abatement charging that the suit had been instituted without right or authority, the attorneys who had filed it were not authorized to represent the county or the Board of Education, and that the suit had been brought without the authority or consent and against the will of both the fiscal court and the Board of Education. It was further charged that the attorneys who had filed it were usurping the right, authority, power, and duties of the county attorney, who at all times was able, ready, willing and anxious to prosecute any action for and on behalf of either the county or the Board of Education. The lawyers who had filed the suit, it was pleaded, should not be permitted to enrich themselves at the expense of the County or Board of Education, or to usurp the duties and prerogatives of the county attorney.

A demurrer, motion to strike, and answer to the plea were filed by the attorneys of record for the plaintiff. The answer traversed material allegations and affirmatively alleged that the filing of the suit was by authority of the fiscal court and the County Board of Education under contracts made with those bodies, respectively; that the county attorney is one of the officers

against whom suits were authorized for delinquency; that he had received and wrongfully retained 20 per cent. of the redemption collections sought to be recovered of the county clerk and his sureties; and that his personal interest in the suit conflicted with his duties as county attorney. It was further alleged that, acting under the authority of the fiscal court, Burchell had employed an accountant who had made the audit and discovered and developed that Sizemore and other county officers were indebted to the county in large sums of money, excluding their pending settlements; that he (Burchell) had paid for such accounting services more than $2,500; that since the completion of the audit, and because of it and of the pending suit then in course of preparation, Sizemore had paid into the treasuries $3,-200, the payments, however, not being known to the attorneys when the suit was filed.

In response the county attorney filed in the name of the Commonwealth, on relation of the County and the Board of Education, another plea in abatement and motion to dismiss the petition. It was alleged that the suit in behalf of the Board of Education had not been brought within sixty days as was stipulated in the contract referred to. This pleading also filed copies of orders of the fiscal court and the Board of Education, lately entered, to the effect that the employments were illegal and unauthorized and therefore repudiated.

Judgment was entered sustaining the plea in abatement and dismissing the action without prejudice. An appeal has been perfected as above styled by Messrs. Burchell and Manning.

The validity of the contracts made by the County and the Board of Education with Burchell is brought in question.

On July 18, 1934, the fiscal court approved an order accepting an offer of Burchell, which was in substance as is outlined in the order, to procure a public accountant to make a general audit of the accounts of the "various officers of the county covering the past ten years, except the settlements now pending with G. L. Langdon, sheriff, and S. V. Sizemore, County Clerk," and to associate competent counsel with him and institute and prosecute necessary actions for the recovery of such sums as may be found due by the officers. For his services it was agreed to pay Burchell a sum equal

to 50 per cent. for the amount he should collect, and "if no collection is made no charge or fee is to be charged against the county," for the audit or services. In this order Burchell was specifically "authorized, empowered and directed" to have the audit made and to institute and prosecute appropriate and necessary actions "for the collection of all sums that may be found to be due and owing to the county or for the misapplication or misappropriation of any of the funds of the county that may be recovered."

The order repudiating the employment was approved February 24, 1936. It recites that the county attorney had advised that the fiscal court had not legal right to employ a lawyer to collect money due the county; that the duty is on the county attorney who has the right to control such litigation, but the court could employ counsel to assist him. It further states the contract with Burchell did not authorize suit against the county clerk. Therefore, because there was no contract, the fiscal court repudiated Burchell's action in doing so, and directed the county attorney "to dismiss such actions for said reason." However, the order authorized the county attorney to recommend counsel to assist him in undertaking to collect from those officers what "he may find justly owing to the county." Such suits as he and his associate counsel deemed "desirable and necessary" were authorized to be brought. Another attorney was thereupon employed to be paid a reasonable fee.

"It is to the interest of the public welfare that public officials should be held strictly to account, and the courts look with favor upon all good-faith efforts seeking that end." Bell County Board of Education v. Lee, 239 Ky. 317, 39 S. W. (2d) 492, 493.

As is further pointed out in that opinion, a municipal body, such as is the fiscal court, has the authority to make a contract looking to the recovery of money from a delinquent officer and to incur an obligation to that end, dependent or contingent upon recovery. In that case we approved a contract made by a county board of education with an accountant to audit the books of the county officers upon the basis of contingent compensation. And in Taylor v. Riney, 156 Ky. 393, 161 S. W. 203, the power of a fiscal court to employ an accountant for like purpose was declared.

The Statutes, section 126 et seq., provide that the county attorney shall attend to the legal business of the fiscal court affecting the interests of the county. For this he is paid a salary. We think his duties include that of representing the county in proceedings to recover money due by delinquent officers, although it is proper for the fiscal court to employ counsel to assist him. Terrell v. Trimble County, 128 Ky. 519, 108 S. W. 848, 33 Ky. Law Rep. 364; Spalding v. Thornbury, 128 Ky. 533, 103 S. W. 291, 108 S. W. 906, 31 Ky. Law Rep. 738, 33 Ky. Law Rep. 362; Money v. Beard, 136 Ky. 219, 124 S. W. 282. But, where the interest or duties of the county attorney are in conflict with the interests and responsibilities of the county, the fiscal court has power to engage independent counsel to represent it and to protect its interests. Jefferson County v. Jefferson County Fiscal Court, 161 Ky. 538, 170 S. W. 1171. In the situation presented by this record, the personal interests of the county attorney are in conflict with the interests of the county. Section 4151-2 of the Statutes, provides that, where land has been sold for taxes and purchased by the sheriff for the state or any taxing district, the owner may redeem his property by paying the taxes and certain penalties, and the county clerk is authorized to collect the same and make proper accounting therefor. Section 4153 of the Statutes gives to the county attorney 20 per cent. of the money paid to redeem such land for services rendered in connection with the sale and redemption. It is manifest, therefore, that the county attorney was vitally interested in the result of this suit against the county clerk and the sureties on his bond. The employment of special attorneys was therefore authorized.

We are of the further opinion that the contract with Burchell is not champertous because of the provision that, if no collection should be made from the delinquent officers, there should be no charge against the county. There was no agreement to pay any part of the court costs. The contract seems to be in accord with many made with attorneys and always regarded as legal. While no such claim is being made on this appeal, it may be noted that the recitation in the order repudiating the contract that there was no authority contained in it to sue the county clerk is erroneous, for Sizemore, as county clerk, was specifically named as among the "various officers of the county" whose accounts were

to be audited and against whom suit might be prosecuted.

Although the contract made by the fiscal court with Burchell was and is valid, nevertheless it is an ancient rule that a client may discharge his attorney at any time with or without cause and without reference to the nature of the contract or the provisions respecting compensation, whether fixed or contingent. But that discharge is always conditioned upon a liability for the payment of compensation for services rendered upon a quantum meruit basis. Gordon v. Morrow, 186 Ky. 713, 218 S. W. 258, 259; Bright v. Turner, 205 Ky. 188, 265 S. W. 627; Hubbard v. Goffiofett, 253 Ky. 779, 70 S. W. (2d) 671; 5 Am. Jur. 281, 364; 2 R. C. L. 957, 1048. In Gordon v. Morrow, supra, the principle is laid down that the Governor of the state has the same freedom that a private client has and may discharge special counsel employed by the Governor and cancel the contract, subject, however, to the same conditions as to compensation. But because of the peculiar conditions, and since the attorneys whose contract of employment was canceled without cause could not have a lien upon the funds in their possession to secure their compensation and could not sue the commonwealth to recover it without legislative consent, which was uncertain, it was held that the Governor could not discharge the attorneys except upon terms or consenting of record to pay or secure payment of the fees to which they were entitled. The extraordinary remedy called for by that unusual situation is unnecessary here. The county is amenable to suit for a violation of contracts it is authorized to make. Breathitt County v. Hagins, 183 Ky. 294, 207 S. W. 713; Kentucky State Park Commission v. Wilder, 260 Ky. 190, 84 S. W. (2d) 38.

As any other litigant, a county may control its litigation and dismiss its suit at any stage of the proceedings. In authorizing the county attorney to dismiss this suit, the fiscal court was exercising a power vested in it even though the dismissal was over the objection of the attorney theretofore employed to prosecute the suit. Commonwealth, for Use of Fleming County, v. Plummer, 235 Ky. 506, 31 S. W. (2d) 897.

The contract with the County Board of Education is different. While the formal contract executed by Burchell and the secretary of the board, as its agent

directed to do so, provides for Burchell's employment to have the "tax collectors'" books audited and to institute suit to recover any money found to be owing by "various sheriffs and tax officers," it exceeds the resolution or order of the board. That order must control, for the secretary was without authority to bind the board beyond its terms. The motion adopted was that the board enter into a contract with Burchell "for an audit of the sheriffs' books" for certain years, with five stipulations or conditions. One of those was that the "audit is to be made of the tax collections only." While the county clerk may be regarded as a tax collector in receiving money paid for the redemption of the land sold for taxes, yet the order of the board confined the contract to an audit of the sheriff's books, and cannot be deemed to cover the records and actions of the county clerk.

For the reasons stated in respect of the power of the fiscal court, it is apparent that the Board of Education also had the authority not only to dismiss the suit, but to discharge the attorney.

The judgment is therefore affirmed.