R. W. Keenon, Lexington, for appellant.

Kinsolving & Kinsolving, Shelbyville, for appellee.

**·Victoria GILBERT, Appellant,**

v.

**Julia Ella WALBECK, Appellee.**

Court of Appeals of Kentucky.

Oct. 14, 1960.

CLAY, Commissioner.

This is an appeal from a judgment denying appellant, an attorney, a substantial fee for legal services rendered appellee.

In November 1952 appellee employed appellant to initiate judicial proceedings to obtain a divorce and the custody of three children, and to attach a fund of approximately $9,000 belonging to appellee's nonresident husband. Suit was filed in February 1953 and the fund was attached. During the following years appellant filed several motions and amended pleadings, and took two depositions. The suit was not prosecuted to judgment by appellant.

In August 1957 appellee notified appellant, who was then in Europe, that it would be necessary to employ another attorney. This letter clearly constituted a discharge of appellant. For some reason difficult to understand, appellant would not accept this discharge and even after notice thereof had been filed of record in this case, in October 1957 she attempted to proceed further in the suit as appellee's attorney. On October 26, 1957 appellant moved for the allowance of an attorney's fee.

Before the initiation of proceedings in 1953 appellant and appellee had entered into a written contract of employment which

provided appellant was to be paid a contingent fee of a sum equal to fifty percent of any recovery in the lawsuit. The trial court found, for reasons unnecessary to discuss, that this contract was unconscionable. However that may be, the contract is no longer of significance because (1) appellant was discharged before she had completed performance under it, and (2) since appellant recovered nothing for appellee she would be entitled to nothing under its terms. (Appellant would have put herself in a much better position had she been willing to admit, which she would not, that she had been discharged and had not completed her services under the contract.)

 Since a client may at any time discharge his attorney even if a contract exists, unless the attorney's services are completely performed thereunder an allowance of compensation is based upon quantum meruit. Hubbard v. Goffinett, 253 Ky. 779, 70 S.W.2d 671; Commonwealth, for Use and Benefit of Clay County v. Sizemore, 269 Ky. 722, 108 S.W.2d 733.

There are many unusual factors present in this case. The Chancellor found appellant was "grossly inattentive" to her client's cause and her conduct amounted to practical abandonment of it. He also found appellant's delay in prosecuting the suit to conclusion resulted in the loss of interest on the fund attached. (Appellee contends that in addition the fund was depleted by $3,000 to pay a claim for medical care of one of appellee's children, but apparently appellee received the benefit of this payment.)

The other side of the picture is that appellant discovered this fund (now approximately $6,000) which will inure to the benefit of appellee, and the attachment proceedings initiated by her preserved it. In addition, appellant performed other services for appellee, broadly classifiable as legal services, in connection with related matters which grew out of the proceedings in this lawsuit. As the Chancellor observed, these other services were not those contemplated by the employment contract, but since the

contract is not controlling it seems proper under the circumstances of this case to give them some recognition.

To a large extent appellant financed this litigation, incurred expenses, and spent a substantial amount of time in rendering various services to appellee. While she may have been less than diligent and did not actually recover the fund made available to appellee, she has performed substantial beneficial services.

 The allowance of the Chancellor was approximately $150 (which did not include any items of expense). Though it is with extreme hesitation we differ with the Chancellor's judgment in a matter of this sort, upon the whole case we believe the ends of justice would best be served if this allowance is increased to a total of $500.

The judgment is reversed with directions to enter one in conformity herewith.