Mary Lee P. OLIVER, Appellant,

v.

Daniel T. YATES et al., Appellees.

Daniel T. YATES and J. Smith Hays, Jr., Cross-Appellants,

v.

Mary Lee OLIVER, Cross-Appellee.

Supreme Court of Kentucky.

July 1, 1977.

**264**

David B. Redwine, Winchester, for appellant and cross-appellee.

William Hays, Winchester, Robert H. Hays, Lexington, for appellees and cross-appellants.

PALMORE, Justice.

On a joint petition by the appellant, Mary Lee Oliver, and her husband, Ralph Oliver, the Clark Circuit Court dissolved their marriage. Cf. KRS 403.150(3). Before the decree was entered the parties executed a settlement agreement which provided, among other things, that each party would pay his or her attorney fees. The decree approved the settlement agreement and specified that "each party shall pay his own attorney," but it further provided that the original counsel for Mary Lee Oliver (whom she had meanwhile discharged) "shall reserve and have the right to bring the issue of the value of his services before this Court by motion in this action at a later date."

Shortly after the dissolution decree was entered the appellees (and cross-appellants), Daniel T. Yates and J. Smith Hays, Jr., the attorneys mentioned in the decree as original counsel for Mrs. Oliver, moved the trial court to award them a reasonable fee for their services to her. An affidavit detailing the services performed was filed in support. In due course the court entered findings of fact, conclusions of law and a judgment against Mrs. Oliver awarding the attorneys

a fee of $6,000. Following proceedings incident to a timely motion to set aside the judgment the trial court entered a final order to the effect that the reasonable value of the attorneys' services to Mrs. Oliver was $6,000 but that it would be improper for the court to adjudge a recovery of it in behalf of the attorneys against their own client. Both sides appeal.

Our opinion in Sullivan v. Levin, Ky., 555 S.W.2d 261 (decided today) is dispositive. When the attorneys originally representing Mrs. Oliver were discharged by her they ceased to have any interest in or entitlement to be heard on any matter pending in that particular litigation. Their entitlement to a fee and what that fee should be were foreign to the subject-matter of the proceeding and not within the authority of the trial court to consider. Therefore, to the extent that it determined the amount of the fee the judgment as amended by the subsequent final order was in error.

The judgment is reversed on the appeal and affirmed on the cross-appeal with directions that the motion for allowance of a fee be denied.

All concur.