William A. LaBACH, Appellant,

v.

Bobbie HAMPTON, Appellee.

Court of Appeals of Kentucky.

Aug. 3, 1979.

William A. LaBach, pro se.

Julian W. Knippenberg, Lexington, Deedra Benthall, Danville, for appellee.

Before HOWARD, VANCE and WHITE, JJ.

VANCE, Judge.

This appeal raises several questions concerning the correct procedures to be utilized in determining the fee for an attorney who has been employed under a contingent fee contract and who is discharged without cause after rendering some services but before completing the services he was engaged to perform.

The appellee, Bobbie Hampton, engaged David Graves, Jr., attorney, to institute proceedings against her employer and third parties to recover damages for injuries suffered by appellee in an industrial accident. Appellee also instituted proceedings under the Workmen's Compensation Act. It was agreed that Attorney Graves would receive a contingent fee equal to 40% of the amount of any recovery from the separate litigation.

Graves, after he had done substantial work on this claim, was discharged by appellee, and appellant, LaBach, was employed to continue the litigation under a 33⅓% contingent fee contract. LaBach also performed substantial services for appellee and obtained a settlement offer which was not accepted by appellee.

Appellee then discharged LaBach and engaged her present attorneys, and the case was settled for $20,000.00. The terms of the employment of the present attorneys and the nature of the services rendered by them in connection with the settlement are not disclosed by the record. Apparently the question of their fee was agreeably settled, and no dispute as to that fee is presented by this appeal.

By agreement of all parties and attorneys the $20,000.00 was paid into court and the defendants were discharged from liability. Attorney Graves filed a motion for an allowance of an attorney's fee and served it upon the other attorneys. The compensation carrier waived its right to subrogation, and thus appellee was entitled to all of the proceeds of the settlement except such amounts as she might be required to pay for the services of her attorneys and for costs.

Attorney LaBach objected to the jurisdiction of the trial court to determine his fee and alternatively contended that he was entitled to a jury trial. The trial court proceeded to hear the matter and allowed $2,000.00 to Attorney Graves and $1,000.00 to Attorney LaBach.

No appeal was taken from the allowance to Attorney Graves and that allowance is now final. Attorney LaBach has appealed. His first contention is that the trial court had no jurisdiction to determine, upon motion, the amount of a fee to be paid him by his own client. He relies upon *Sullivan v. Levin*, Ky., 555 S.W.2d 261 (1977), and *Oliver v. Yates*, Ky., 555 S.W.2d 263 (1977).

*Sullivan* and *Oliver, supra,* were divorce cases and decided that a trial court in a divorce case does not have jurisdiction to fix a fee for an attorney against his own client because the controversy as to the fee is foreign to the subject matter of the action. No claim was asserted in those cases that the attorney was entitled to a lien.

■ The situation in this case is different because the claim was for the recovery of money, and KRS 376.460 gives to an attorney a lien upon the claim or the proceeds of settlement to secure the payment of his fee. The existence of the lien against the proceeds of the recovery causes the claim for a fee to be an integral part of the subject matter of the action rather than a matter foreign to it.

■ In this case the proceeds of the recovery were paid into court but were subject to the attorneys' liens, and the fund could not properly be distributed without a determination and award of fees to the attorneys involved. In view of this necessity any interested party could have instituted an action for a determination of the fees, and we see no reason why the matter could not be raised upon proper notice by motion or intervening petition in the original action. The right to enforce an attorney's lien either by independent action or by motion in the original action has long been recognized in this Commonwealth. *Johnston v. Stephens*, 206 Ky. 83, 266 S.W. 881 (1924). We find no case deciding this precise point since the adoption of our civil

rules, but it would seem that for reason of judicial economy, if for no other reason, this procedure should still be available.

Appellant next claims that he was entitled to a jury trial for a determination of the factual issues concerning his claim. Some states deny a jury trial on this issue for the reason that the enforcement of a lien is an equitable matter. *See Fein v. Schwartz,* Mo.App., 404 S.W.2d 210 (1966). The distinction between actions in equity and in law have been largely abolished in this state, and it may be that in some cases of this type there would be an entitlement to a jury determination of factual issues, even where the proceeding is by motion.

■ We need not decide that question because under the facts of this case we find no error in the decision of the court to deny a jury. The hearing involved the legal work done by three separate attorneys, two of whom had contingent fee contracts, and the proper assessment of fees necessarily required a determination of the value of the reasonably necessary services rendered by each of them. The trial judge was in a much better position than a jury to make this determination, and the ruling of the trial court in this case was justified under the discretion allowed by CR 39.01(c).

Appellant finally complains that the amount of the allowance to him was inadequate. There is considerable confusion in our case law as to the proper measure for the allowance of a fee to an attorney employed under a contingent contract who is discharged without cause before completion of the contract.

It was decided in *Henry v. Vance,* 111 Ky. 72, 63 S.W. 273 (1901), that the fee should be computed upon a quantum meruit basis. Although designated as quantum meruit, the actual holding of the case was that the recovery should be the amount of the contingent fee "less such proportion of that sum as is reasonably represented by the labor and attention and expense that would have been required of plaintiffs to complete their undertaking, but which they did not do." *Id.,* 63 S.W. at 275–276.

In *Gilbert v. Walbeck,* Ky., 339 S.W.2d 450 (1960), the Court noted that the contin-

gent fee contract was no longer of significance because the attorney was discharged before he completed the contract and held that recovery must be on the basis of quantum meruit, but it cited as authority *Henry v. Vance, supra.*

■ We conclude from this that our courts have used the term quantum meruit to indicate that the discharged attorney cannot rely upon the contract to collect a full fee but must deduct from the contract fee the reasonable cost of services of other attorneys required to complete the contract.

This rule as applied to this case means that Attorney Graves was entitled to a fee of 40% of the recovery less the value of the services reasonably required of other attorneys to complete the contract. He was awarded $2,000.00 and apparently all parties were satisfied with that allowance. At least, there was no appeal.

■ Attorney LaBach agreed to continue the litigation for a contingent fee of 33⅓%. Because he was discharged without cause before he had completed his services he was entitled to a recovery of 33⅓% of the amount later recovered less the value of the services reasonably required of others to complete the contract.

· No evidence was offered by appellee as to the value of the services reasonably required to complete the contract. Appellee's theory was that appellant should have a value placed upon the services rendered by him, and apparently this was the basis used by the trial court to compute appellant's fee. This was erroneous.

While he was representing appellee, the appellant received a settlement offer of $10,000.00. His only contention before the trial court was that he was entitled to 33⅓% of the $10,000.00 offer which he had obtained. The measure of recovery advanced by appellant was not proper, and under the determination we have made it is possible that he actually may have been entitled under his contract to a greater fee than he requested.

On retrial, the appellant's fee will be 33⅓% of the amount eventually recovered ($20,000.00) less such sum as is determined to be the reasonable value of the services of

the attorneys who completed the litigation after appellant's discharge, but in no event shall the fee exceed $3,333.33, the amount appellant claimed at trial. In addition to the fee, appellant shall be allowed to recover any reasonable expenses of litigation which were advanced by him.

The judgment is reversed for further proceedings in conformity with this opinion.

All concur.