Kenneth H. BAKER and Wo Sin Chiu, Appellants,

v.

Richard SHAPERO and Carl Frederick, Appellees.

No. 2004–SC–0639–DG.

Supreme Court of Kentucky.

Oct. 19, 2006.

**698**

Kenneth Baker, Louisville, for Appellants.

Peter L. Ostermiller, Kentucky Home Life Building, Louisville, for Appellees.

Opinion of the Court by Justice GRAVES.

Appellants, Kenneth H. Baker and Wo Sin Chiu, appeal from an opinion of the Court of Appeals which affirmed in part and vacated in part a decision of the Jefferson Circuit Court. On discretionary review to this Court, we reverse the Court of Appeals and remand the case for further consideration.

This matter involves the enforcement of an attorney's lien by Appellees, Richard Shapero and Carl Frederick. On March 27, 1998, Wo Sin Chiu sustained serious injuries from an auto collision. He remained in the hospital for fifteen (15) days, with seven (7) of those days being in intensive care. The trial court found as fact that Chiu's sister initiated contact with Richard Shapero and asked to retain his services. On April 1, 1998, Shapero sent a paralegal to the hospital where Chiu was assisted by his sister in signing an Employment Agreement with Shapero. The Employment Agreement specified that Shapero, or one of his designees, would represent Chiu in any litigation arising from the auto collision in return for a forty percent (40%) contingency fee. Shapero then immediately transferred the case to Carl Frederick, who began working on the matter with an associate. On May 7, 1998, Chiu discharged Shapero and Frederick and hired other counsel. Four days later, Chiu rehired Shapero and Frederick. However, on July 14, 1998, Chiu discharged Shapero and Frederick permanently and retained the services of Kenneth Baker.

With Baker as his attorney, Chiu ultimately received a total settlement of $175,000. Shapero and Frederick immediately filed an attorney's lien against the settlement, claiming entitlement to the contingency fee set forth in the Employment Agreement signed by Chiu on April 1, 1998. Pursuant to the standards set forth in *LaBach v. Hampton*, 585 S.W.2d 434 (Ky.App.1979), the trial court determined that Shapero and Frederick were dismissed without cause, and thus, were entitled to a fee based on this employment contract. The Court of Appeals affirmed, but vacated and remanded for a recalcula-

tion of the fee actually due to Shapero and Frederick. Appellants petitioned for discretionary review to this Court, which we granted. We now overrule *LaBach v. Hampton, supra*, and therefore, must reverse both the Court of Appeals and the trial court.

In the 1979 *LaBach* case, the Court of Appeals addressed "the proper measure for the allowance of a fee to an attorney employed under a contingent contract who is discharged without cause before completion of the contract." *Id.* at 436. Citing to *Henry v. Vance*, 111 Ky. 72, 63 S.W. 273 (1901), the court held that the discharged attorney should recover the amount of the agreed upon contingent fee less "the reasonable cost of services of other attorneys required to complete the contract." *Id.*

Since this 1979 ruling, it has been noted that Kentucky's policy of allowing attorneys who are discharged without cause to claim entitlement to a contingency fee on a former client's final recovery, even though they never completed the contracted work, is an extreme minority position. Most jurisdictions only allow these discharged attorneys to claim fees on a *quantum meruit* basis. *See* Lester Brickman, *Setting the Fee when the Client Discharges a Contingent Fee Attorney*, 41 Emory L.J. 367, 373 n. 37 (Spring 1992) (citing the vast majority of jurisdictions which apply true *quantum meruit* recovery for attorneys who are discharged without cause); *Limitation to Quantum Meruit Recovery, Where Attorney Employed under Contingent–Fee Contract is Discharged without Cause*, 56 A.L.R. 5th 1, § 3(a) (1998) (same).

A closer examination of *LaBach, supra*, reveals that the predecessor cases cited in that opinion do not support the reasoning therein. For example, *LaBach* cited our 1901 case of *Henry v. Vance, supra*, as authority for its decision. In *Henry v. Vance*, however, the Court specifically held that discharged attorneys "should [generally] be relegated to an action to recover [on] *quantum meruit.*" *Id.* at 276. This rule, the Court determined, is consistent with the client's unqualified right "to discharge his attorney at any time, with or without cause, even in a case where a contingent fee has been agreed upon . . . ." *Id.* The reasoning and holding in *Henry v. Vance* was reaffirmed on at least two occasions prior to the Court of Appeals' opinion in *LaBach. See Hubbard v. Goffinett*, 253 Ky. 779, 70 S.W.2d 671, 672 (1934) ("It is sufficient to say that under the law of this state a client may at any time discharge his attorney, and substitute another in his place, but if he has performed services under the contract, he is entitled to recover compensation to the extent of the services performed, based on *quantum meruit*, and not on the terms of the contract."); *Gilbert v. Walbeck*, 339 S.W.2d 450, 451 (Ky.1960) ("Since a client may at any time discharge his attorney even if a contract exists, unless the attorney's services are completely performed thereunder an allowance of compensation is based upon *quantum meruit.*"). Accordingly, we find compelling reasons to overrule the holding in *LaBach v. Hampton, supra*, and apply the majority rule originally intended by this Court in *Henry v. Vance, supra*, and reaffirmed in *Hubbard v. Goffinett, supra*, and *Gilbert v. Walbeck, supra*.

■ In accordance with the vast majority of other jurisdictions that have addressed this issue, we hold that when an attorney employed under a contingency fee contract is discharged without cause before completion of the contract, he or she is entitled to fee recovery on a *quantum meruit* basis only, and not on the terms of the contract. As such, the Court of Appeals' opinion is reversed, and this matter is remanded for proceedings in conformity with this opinion. Specifically, Shapero

and Frederick shall be permitted to prove the *quantum meruit* value of the services they provided to Chiu prior to their final discharge on July 14, 1998.

■ As well as asking that *Labach* be overruled, Appellants further challenge, as clearly erroneous, the trial court's finding of fact that Appellees' conduct did not amount to unethical solicitation in violation of SCR 3.130—SCR 7.09. As support for their argument, Appellants reference the trial court's seemingly inconsistent finding that Chiu was "for all purposes, incapacitated when his sister helped him sign" the employment contract that was presented to him in the hospital on April 1, 1998. However, the trial court also considered and found additional findings of fact compelling: (1) Shapero had not initiated contact with Chiu or his sister; and (2) Chiu conceded at trial that he did voluntarily retain Shapero and Frederick in the hospital on April 1, 1998, and again on May 11, 1998. While we do not in any way encourage or condone the presentation of an employment contract to an incapacitated man in his hospital bed, we also cannot say that the trial court was clearly erroneous in ruling that the totality of these circumstances do not amount to unethical solicitation.

■ Appellants next allege that even if Appellees' conduct did not amount to unethical solicitation, Chiu is not contractually obligated to pay any attorney fees to Appellees whatsoever since he was incapacitated at the time he signed the employment contract. *See Conners v. Eble,* 269 S.W.2d 716, 717–718 (Ky.1954) ("The test of legal capacity to contract is the ability to understand and appreciate the consequences of the particular transaction."). We disagree.

■ Although Chiu may not have had the legal capacity to contract on the day

the employment agreement was executed, he clearly ratified his assent thereto by his subsequent actions. *See Central Adjustment Bureau, Inc. v. Ingram Associates, Inc.,* 622 S.W.2d 681, 686 (Ky.App.1981) (any lack of mutuality of assent on the date the contract was signed was abrogated by the parties' later ratification of the contract terms). Moreover, there need not be an enforceable contract in order for one to be entitled to recovery under the theory of *quantum meruit. See* Black's Law Dictionary 1276 (8th ed. 2004) (*Quantum meruit* is defined as "damages awarded in an amount considered reasonable to compensate a person who has rendered services in a quasi-contractual relationship"). Appellees have met the requirements to be entitled to recovery under a theory of *quantum meruit,* and accordingly, we reject Appellants' contentions to the contrary. *See* 66 Am. Jur.2d Restitution and Implied Contracts § 38 (2001) (setting forth requirements for *quantum meruit* recovery).

Finally, Appellants allege the trial court erred in finding that Appellees were discharged without cause. Upon review, we are not persuaded to reverse the trial court's and the Court of Appeals' holdings on this issue.

Appellants' remaining arguments are rendered moot by this opinion and are unlikely to recur upon remand.

The decision of the Court of Appeals is reversed; and the case is remanded for further proceedings consistent with this opinion.

All concur. MINTON, J., not sitting.