Sam BRADLEY; Scott Bradley; Susan Bradley Allen; Avonell Bradley Blondell; Edward Slone; Lena Bradley Hopkins; Betty Hopkins Baldridge; Edith Hopkins Jones; Ishmael Hopkins, Jr.; Mary Francis Webb; Dora Barney Johns; Marie Bradley Slone; Keith Slone; Ray Slone; John M. Slone; Walter Scott Slone; Linda Slone Ward; Mary Kay Slone Franklin; Veronica Bolden, Administratrix of the Estate of Thomas Amburgey; and Sandra Sue Slone Martin, Appellants,

v.

ESTATE OF Herman LESTER,
Appellee.

No. 2009-CA-002157-MR.

Court of Appeals of Kentucky.

Nov. 10, 2011.

Michael W. Oyler, Louisville, KY, for appellants.

Martin L. Osborne, Prestonsburg, KY, for appellee.

Before ACREE and DIXON, Judges; LAMBERT,[1] Senior Judge.

*OPINION*

ACREE, Judge:

Appellants appeal the Floyd Circuit Court's order awarding attorney fees to the Appellee, the Estate of Herman Lester. Specifically, the question presented is whether an attorney who withdraws from representation is entitled to recover his fee pursuant to the original contingency fee agreement, or limited to recovery on a *quantum meruit* basis. Upon the facts before us, we find *quantum meruit* is the proper calculation of fees. Therefore, we vacate the order of the Floyd Circuit Court and remand for additional proceedings.

---

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statute (KRS) 21.580.

## Facts and procedure

Several individuals (collectively and in the interest of convenience, the "Bradleys"), who jointly owned an interest in the mineral rights of real property in Floyd County, hired attorney Herman Lester in 2001 to represent them in an oil and gas lease dispute involving the jointly owned property. The Bradleys believed the lessee, Equitable Production Co., had failed to pay them in accordance with the terms of the lease. They hired Lester to file an action to terminate the lease and recover unpaid oil and gas royalties. The attorney fee agreement provided that, if successful, Lester would be entitled to "one-third of the gas mineral rights located on the property [at issue]."[2]

Lester pursued the action and elicited a settlement offer from Equitable in 2003. Some of his clients were satisfied with the offer; the others wished to proceed to trial.[3] Lester voluntarily withdrew from representation of the clients who did not wish to settle, and they obtained representation by another attorney, Michael W. Oyler. Lester's remaining clients entered into the settlement agreement and, we presume, Lester was paid with regard to those remaining clients in accordance with their original agreement.

Oyler went to work on behalf of his new clients. He submitted a series of discovery requests to Equitable, filed various pretrial motions, scheduled a trial date, and filed the necessary pretrial notices. Shortly before the trial date, Equitable's attorneys unexpectedly produced documents they had theretofore been unable to locate. The information in the documents revealed that Oyler's clients were likely not entitled to the full extent of the recovery they sought. In 2005 Oyler's clients entered into a settlement agreement with Equitable which was identical to the agreement Lester had procured for his clients in 2003.

Once Equitable began making payments to Oyler's clients, Lester's estate[4] asserted an attorney's lien pursuant to KRS 376.460 for one-third of the amount recovered, the full amount provided in the fee agreement. Oyler and his clients protested, arguing Lester was limited to recovery under a *quantum meruit* theory. They filed a Motion to Dissolve Attorney Lien, and Lester's estate filed a Cross Motion for Enforcement of Attorney Lien. The Floyd Circuit Court was persuaded by the estate's argument and ordered Equitable to pay one-third of the royalties owed to Oyler's clients to Lester's estate. This appeal followed.

## Standard of review

The parties' only dispute on appeal is whether the holding of *Baker v. Shapero*, 203 S.W.3d 697 (Ky.2006), applies to this case to limit Lester's fee to a *quantum meruit* measure, or whether the terms of the agreement control. Accordingly, our standard of review is *de novo*. See *Richardson v. Louisville/Jefferson County Metro Government*, 260 S.W.3d 777, 779 (Ky.2008).

---

2. Because this appeal was taken pursuant to Kentucky Rule of Civil Procedure 75.15, the entire record is not before us, and the parties have provided us with only limited excerpts from the fee agreement. We therefore cannot adjudge whether the fee agreement complies with the requirements of Supreme Court Rule 3.130(1.8(i)). Nevertheless, the parties seem to agree that the propriety of the fee arrangement is not an issue, so we need not address it.

3. According to the briefs, forty percent of the Bradleys wished to execute the settlement agreement, and sixty percent declined to do so.

4. Lester passed away in October 2005.

*Discussion*

■ In *Baker,* the Supreme Court held "that when an attorney employed under a contingency fee contract is discharged without cause before completion of the contract, he or she is entitled to fee recovery on a *quantum meruit* basis only, and not on the terms of the contract." 203 S.W.3d at 699. *Baker* overruled this Court's holding in *LaBach v. Hampton* that "the discharged attorney should recover the amount of the agreed upon contingent fee less 'the reasonable cost of services of other attorneys required to complete the contract.'" *Id.* (quoting *LaBach v. Hampton,* 585 S.W.2d 434 (Ky. App.1979)).

Oyler's clients maintain *Baker* should limit Lester's recovery of fees because, although Lester was not discharged, his representation of them ended prior to resolution of the case. They note that Oyler completed much work on their behalf which ultimately resulted in the 2005 settlement. Lester's estate responds that because the appellants entered into an agreement in 2005 which was identical to the one Lester procured for them in 2003, he earned the entire one-third contingency fee. The estate also contends that the distinction between *Baker,* in which the attorney was discharged without cause, and the present appeal, in which the attorney voluntarily withdrew from representation, renders *Baker* inapplicable to this dispute.

■ The principles which underlie the equitable remedy of *quantum meruit* offer insight to the doctrine's applicability in *Baker.* "The right to recover in *quantum meruit* does not grow out of the contract, but is independent of it and is based upon the promise implied by law to pay for beneficial services rendered and knowingly accepted." 17A Am.Jur.2d *Contracts* § 200 (citation omitted). Further, the doctrine of *quantum meruit* is available as a method of recovery in the absence of a contract. *Kruse's Administrator v. Corder,* 258 Ky. 774, 81 S.W.2d 600, 601 (1935).

The logic implicit in the Supreme Court's holding in *Baker* is present here and is supported by the discussion in *Gilbert v. Walbeck,* 339 S.W.2d 450, 451 (Ky. 1960) (concluding the attorney-client employment contract was "no longer of significance" in determining the fee to which the attorney was entitled because the client had discharged the attorney). There was no contract governing the parties' relationship in *Baker* because the client had terminated the attorney-client relationship. *See Gilbert,* 339 S.W.2d at 451. Likewise, by withdrawing from representation of the appellants herein, Lester ended the contract. *Id.* No contract was in effect when Oyler's clients entered into the settlement agreement, and *quantum meruit* is therefore the proper basis of recovery.

*Conclusion*

Lester performed valuable services for his clients, and he should be compensated on the basis of that work and that work alone. In that vein, we vacate the October 22, 2009 order of the Floyd Circuit Court enforcing the Lester estate's attorney lien and remand for entry of an order consistent with this opinion. The circuit court shall conduct all proceedings necessary to determine the reasonable value of the services Lester provided the appellants.

ALL CONCUR.