# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED: JUNE 15, 2017
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2016-SC-000462-MR

DAWN SPALDING-MCCAULEY
                                                        APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.          CASE NO. 2016-CA-000421
TAYLOR CIRCUIT COURT NO. 14-CI-00047

HON. SAMUEL TODD SPALDING, JUDGE
                                                        APPELLEE
TAYLOR CIRCUIT COURT

AND

BETTY DAMERON, INDIVIDUALLY
                                REAL PARTIES IN INTEREST
AND AS EXECUTRIX OF THE ESTATE
OF PAUL DAMERON; MIKE BREEN;
AND MIKE BREEN, ATTORNEY AT LAW, P.S.C.

AND                     2016-SC-000463-MR

BETTY DAMERON, INDIVIDUALLY
                                        APPELLANTS
AND AS EXECUTRIX OF THE ESTATE
OF PAUL DAMERON; MIKE BREEN;
AND MIKE BREEN, ATTORNEY AT LAW, P.S.C

ON APPEAL FROM COURT OF APPEALS
V.          CASE NO. 2016-CA-000308
TAYLOR CIRCUIT COURT NO. 14-CI-00047

HON. SAMUEL TODD SPALDING, JUDGE
                                                        APPELLEES
TAYLOR CIRCUIT COURT;

AND

DAWN SPALDING-MCCAULEY
                                REAL PARTY IN INTEREST

On July 24, 2013, Paul Allen Dameron died as a result of injuries he sustained while driving his vehicle in Taylor County, Kentucky. The injuries were caused by a rock that was propelled through Mr. Dameron's windshield. The rock was thrown from a Bush Hog mower operated by Terry Mattingly.

Betty Dameron ("Dameron") is Mr. Dameron's surviving spouse and the Executrix of his Estate. She entered into a written agreement with attorney Dawn Spalding-McCauley ("McCauley") to represent her and the Estate. On February 8, 2014, McCauley filed a wrongful death suit on behalf of her clients in Taylor Circuit Court. Dameron subsequently terminated McCauley's representation and hired attorney Mike Breen ("Breen") to handle the case moving forward. Breen entered his appearance in the case and the court issued an order permitting McCauley to withdraw as counsel of record.

During the summer of 2014, Breen entered into a settlement agreement with Mattingly's insurance carrier for $1,000,000.00 and also entered into an agreement with Paul Dameron's insurance provider for $100,000.00. Breen received $385,000.00 in attorney fees plus additional expenses.

On September 3, 2014, Breen filed a motion to apportion the proceeds of the wrongful death claim because Dameron and her step-daughter could not agree on the appropriate dispensation of the proceeds. McCauley, Dameron's first attorney, also filed a motion to intervene under the theory of quantum meruit and to attach the attorney fees paid to Breen. The trial court entered an

order allowing McCauley to intervene. McCauley also filed a notice of an attorney lien. The court ordered that the proceeds of the wrongful death action and attorney fees be held by the court pending further orders.

Dameron subsequently filed a KBA complaint against McCauley. Discovery revealed that Breen's office assisted in the preparation of the KBA complaint. As a result, McCauley filed a motion to compel the production of all written correspondence between Breen and Dameron regarding the alleged breach of McCauley's ethical duties.

The trial court granted the motion to compel and concluded that the attorney-client privilege was waived because Breen and Dameron had made the communications an issue by alleging that McCauley had been discharged for cause as a defense to McCauley's quantum meruit claim. *See Baker v. Shapero*, 203 S.W.3d 697 (Ky. 2006). Breen filed a motion to reconsider which was denied by the trial court.

The parties filed cross petitions, each seeking a writ of prohibition. The Court of Appeals denied the writ requests and the parties appealed to this Court. Case Nos. 2016-SC-000462-MR and 2016-SC-000463-MR. Having reviewed the facts and the law, we affirm the Court of Appeals' denial of the petitions.

### Procedural Issues

Dameron and Breen have filed motions for oral argument. Having considered the motions, the responses, and being otherwise sufficiently advised, the parties' motions for oral argument are hereby DENIED. On its

3

own motion, the Court orders that Case Nos. 2016-SC-000462-MR and 2016-SC-000463-MR are hereby CONSOLIDATED.

## Standard of Review

An appellate court has discretion to grant a writ where a trial court is proceeding within its jurisdiction upon a showing that the court is: 1) acting or is about to act erroneously; 2) there exists no adequate remedy by appeal or otherwise, and 3) great injustice and irreparable injury will result if the petition is not granted. *Hoskins v. Maricle*, 150 S.W.3d 1, 10 (Ky. 2004). We review the Court of Appeals' determination under an abuse of discretion standard. *Sowders v. Lewis*, 241 S.W.3d 319, 322 (Ky. 2007).

## Case No. 2016-SC-463-MR

Breen and Dameron seek a writ "prohibiting the trial court from enforcing any orders requiring Dameron or Breen to testify about or disclose the confidential communications, and prohibiting him from enforcing any orders requiring Mr. Breen to withhold his fee." They argue that the compulsion of this information violates the attorney-client privilege. We have previously held that "violation of a privilege satisfies both the requirement of no adequate remedy by appeal, 'because privileged information cannot be recalled once it has been disclosed,' and the substitute requirement in 'special cases' that the administration of justice would suffer." *Collins v. Braden*, 384 S.W.3d 154, 158 (Ky. 2012) (citing *St. Luke Hospitals, Inc. v. Kopowski*, 160 S.W.3d 771, 775 (Ky. 2005)). Because the present case alleges a violation of the attorney-client privilege, it is proper for writ review.

4

We begin by noting that the trial court specifically ordered the production of "all written correspondence, including emails, between [Breen] and Betty Dameron as it pertained to any alleged breach of attorney McCauley's ethical duty to Betty Dameron." The order continued as follows: "the Court concludes that attorney McCauley should have the ability to cross-examine attorney Breen concerning the dismissal [of the defendant Bush Hog] because such questions will be relevant and fundamental fairness requires same." Therefore, Breen and Dameron's broad assertion that the court ordered them "to testify" about the confidential communications at issue here is unfounded.

KRE 503 provides: "A client has a privilege to refuse to disclose and to prevent any other person from disclosing a confidential communication made for the purpose of facilitating the rendition of professional legal services to the client[.]" However, KRE 503 (d)(3) states that there is no privilege for "a communication relevant to an issue of breach of duty by a lawyer to the client or by a client to the lawyer[.]" In *3M v. Engle*, we observed that "a client 'waives the privilege if he . . . voluntarily discloses or consents to disclosure of any significant part of the privilege matter.' This waiver may be explicit, but it may also be implied." 328 S.W.3d 184, 188 (Ky. 2010) (Internal footnotes omitted). The Court of Appeals applied our ruling in *Engle* in its analysis of the present case:

> As the trial court noted, Breen did not purport to represent Dameron in the KBA complaint proceeding. The KBA complaint was written and signed by Dameron and not by Breen. Therefore, we conclude that any communications between Dameron and Breen regarding the KBA complaint were not for the purpose of "facilitating the rendition of professional legal services." Further, the communications at issue concerned the breach of a duty by

5

McCauley to Dameron. Therefore, there is no privilege under KRE 503(d)(3). Moreover, even if the privilege applied, such privilege was waived because Dameron had placed the communications at issue by asserting that McCauley was terminated for cause in defense to the quantum meruit claim. We cannot conclude that the trial court abused its discretion by rejecting the claim of privilege.

We agree with the Court of Appeals' reasoning and conclusion.

Breen and Dameron also request a writ prohibiting the trial court from enforcing its order withholding Breen's attorney fees pursuant to KRS 425.011. They argue that the court's order constitutes an unconstitutional taking of property resulting in irreparable injury. As correctly noted by the Court of Appeals, however, "the validity of prejudgment attachments may be adequately remedied upon direct appeal." Therefore, Dameron and Breen have failed to demonstrate the lack of an adequate remedy by appeal. This issue also fails to satisfy our "special case" exception.

## Case No. 2016-SC-462-MR

Attorney McCauley argues the trial court acted outside its jurisdiction when it ordered a jury trial on her quantum meruit claim. She alternatively argues that the trial court acted erroneously within its jurisdiction by ordering a jury trial. McCauley specifically alleges that quantum meruit seeks an equitable remedy for which there is no right to a jury trial.

We agree with the Court of Appeals' conclusion that "the circuit court clearly has subject-matter jurisdiction over cases involving a claim of quantum meruit." Therefore, we must determine whether relief is available under the second class of writ actions—where the trial court was acting *within* its jurisdiction.

It is well-established that "[t]he right to trial by jury has occupied a central place in our jurisprudence." *B.F.M. Bldg., Inc. v. Trice*, 464 S.W.2d 617, 619 (Ky. 1971). In civil cases, however, "Kentucky law recognizes exceptions to the right to a jury, including causes of action at common law that would have been regarded as arising in equity rather than law." *Daniels v. CDB Bell, LLC*, 300 S.W.3d 204, 210 (Ky. App. 2009) (citing *Reese's Administrator v. Youtsey*,113 Ky. 839, 69 S.W. 708 (Ky. 1902)); and *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 908 S.W.2d 104, 108 (Ky. 1995). Therefore, "[i]f the nature of the issues presented is essentially equitable, no jury trial is available. *Id.* (citing *Meyers v. Chapman Printing Co., Inc.*, 840 S.W.2d 814 (Ky. 1992)).

Although the underlying issue in *Daniels* was a claim seeking to pierce the corporate veil, it provides an apt analogy to the present case. Quantum meruit is a common law action in equity. And although we have never addressed this issue directly, we have previously embraced the Court of Appeals' decision in *Daniels* and adopted much of its language verbatim. *See Schultz v. General Electric Healthcare Financial Services Inc.*, 360 S.W.3d 171, 174-76 (Ky. 2012).

Furthermore, we stated in *Baker v. Shapero* that "when an attorney employed under a contingency fee contract is discharged without cause before completion of the contract, he or she is entitled to fee recovery on a *quantum meruit* basis only, and not on the terms of the contract." 203 S.W.3d at 699. Several Kentucky cases indicate that this determination is most appropriately decided by the trial court. *See id.*; and *e.g., Lofton v. Fairmont Specialty Insurance Managers, Inc.*, 367 S.W.3d 593 (Ky. 2012).

7

Therefore, we agree that the trial court committed clear error here by ordering this case tried before a jury. However, in order to prevail on her writ petition, McCauley must demonstrate that there exists no adequate remedy by appeal or otherwise, and that a great injustice and irreparable injury will result if the petition is not granted. McCauley asserts that there is no adequate remedy by appeal here because the bar complaint against her would be admitted as evidence in the jury trial and that attorney discipline matters are confidential unless public sanction is imposed. Supreme Court Rule (SCR) 3.150.

We have previously defined "no adequate remedy by appeal or otherwise" to mean that the injury to be suffered "could not therefore be rectified in subsequent proceedings in the case." *Bender v. Eaton*, 343 S.W.2d 799, 802 (Ky. 1961). According to McCauley, her reputation in the community would be diminished if this information was made public. McCauley also argues that jurors are not qualified to make equitable determinations.

As correctly noted by the Court of Appeals, "[j]uries are routinely expected to adjudge the conduct of attorneys in complex situations such as legal malpractice cases." We do not believe the mere evidence that a bar complaint has been filed against McCauley is sufficient to cause irreparable harm which justifies a writ. We also note that the trial court entered an agreed order sealing any documents referring to the KBA file and reserving the right to rule on the admissibility of any information pertaining to the KBA file prior to the jury trial. What is critical to our analysis here, however, is that McCauley may appeal the trial court's jury trial order and, if successful, she may retry

8

the case before the trial court without a jury. Therefore, there is a clear and adequate remedy by appeal here. Compare *Commonwealth v. Green*, 194 S.W.3d 277, 280 (Ky. 2006) ("If the district court proceeds with a bench trial, as has been ordered, jeopardy will attach and retrial by a jury will be prohibited under KRS 505.030. This alone is sufficient to demonstrate the lack of an adequate remedy by appeal.").

Moreover, there is no great injustice and irreparable injury here. We have defined "great and irreparable" injury as "something of a ruinous nature." *Bender*, 343 S.W.2d at 801. Similar to the previous issue, we cannot conclude that the potential for publicity here would be "ruinous" to McCauley.

McCauley also insists that this case satisfies the "special case" exception to our writ standard. However, "our case law is clear that the certain-special-cases exception only supplants the requirement that a petitioner prove irreparable harm in the absence of a writ, not the requirement that there be no adequate remedy by appeal or otherwise." *Ridgeway Nursing & Rehabilitation Facility, LLC v. Lane*, 415 S.W.3d 635, 641-42 (Ky. 2013) (citing *Bender*, 343 S.W.2d at 801). As previously discussed, McCauley has failed to demonstrate the absence of an adequate remedy on appeal. Accordingly, the Court of Appeals did not abuse its discretion in denying McCauley's petition.

Although our writ standard has not been satisfied here, we are compelled to repeat our strong admonition that the trial judge is committing "clear error" if he proceeds with a jury trial on a quantum meruit claim. The only role a jury could possibly have in this action in equity would be as an advisory jury on issues of fact pursuant to Kentucky Rule of Civil Procedure 39.03. See *Barrier*

*v. Brewster*, 349 S.W.3d 823 (Ky. 1961) (the "issues" that can be tried by an advisory jury are only issues of fact and the judge cannot delegate his discretion or equitable function).

## Conclusion

For the foregoing reasons, we affirm the Court of Appeals' denial of the petitions seeking a writ of prohibition filed in Case Nos. 2016-SC-000462-MR and 2016-SC-000463-MR.

All sitting. All concur.


COUNSEL FOR APPELLANT/REAL PARTY IN INTEREST, DAWN SPALDING-MCCAULEY:

David A. Nunery
Steven Casey Call
NUNERY & CALL, PLLC


APPELLEE:

Hon. Samuel Todd Spalding
Judge, Taylor Circuit Court


COUNSEL FOR APPELLANT/REAL PARTY IN INTEREST, BETTY DAMERON, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF PAUL DAMERON:

Michael Anthony Breen
Michael Anthony Breen, Attorney at Law, PSC


COUNSEL FOR APPELLANTS/REAL PARTIES IN INTEREST, MIKE BREEN AND MIKE BREEN, ATTORNEY AT LAW, P.S.C.:

Michael Anthony Breen
Attorney at Law

James Hadden Dean
Sheehan, Barnett, Dean, Pennington, Little & Dexter, PSC