462

Richard S. SHELY, d/b/a Shely Construc-
tion Company et al., Appellants,

.v.

Coleman VOTAW et al., Appellees.

Court of Appeals of Kentucky.

Oct. 29, 1954.

Buckley, Stilz & Rouse, Lexington, for appellants.

Taylor N. House, Robert E. Rice and Allen, Duncan, Duncan & Arnold, Lexington, for appellees.

COMBS, Justice.

An opinion was rendered reversing the judgment in this case at the 1954 spring term of court. On petition for rehearing appellees have raised for the first time a jurisdictional question. They now ask that the appeal be dismissed because no motion for an appeal has been made in this court.

The amount in controversy is $1,885.85. Appellants requested and were granted an appeal by the trial court and no motion for an appeal has been made here.

The appellate jurisdiction of this court is governed by section 110 of the Constitution and by KRS. 21.060. In 1952 the Legislature amended KRS 21.060 so as to curtail this court's jurisdiction. As amended, KRS 21.060 now reads in part:

"(1) Appeals may be taken to the Court of Appeals as a matter of right from all final orders and judgments of circuit courts in civil cases except:

"(a) Judgments where the value of the amount or thing in controversy is less than twenty-five hundred dollars, exclusive of interest and costs".

KRS 21.080, which is supplementary to KRS 21.060, provides the method by which an appeal may be taken where the amount in controversy is as much as $200 but less than $2,500. By the terms of that statute, an appeal in such cases may be prosecuted upon paying the tax and filing the record in the office of the clerk of this court, and *"entering a motion* that the appeal be granted." (Our italics.)

Although the statute requires that motion for an appeal in such cases shall be "entered" in this court, we have treated the filing of the record with the clerk as a motion for an appeal in those cases where no appeal has been granted by the trial court. But it was held in the late case of Hopwood v. Crowe, Ky., 259 S.W.2d 40, after an examination of previous cases, that no such fiction can be presumed where an appeal has been granted by the trial court and it is apparent that appellant is relying on that appeal.

It is suggested by appellants that appellees' request that the appeal be dismissed comes too late. We have held, however, that the question is jurisdictional and cannot be waived. Hopwood v. Crowe, supra. The fact that an opinion has already been handed down does not change the picture. The mandate is the official directive of this court and our opinions are merely advisory to the parties and explanatory of the mandate. Helton v. Hoskins, 278 Ky. 352, 128 S.W.2d 732; Tuttle v. Irvine Const. Company's Receiver, 262 Ky. 361, 90 S.W.2d 359; Civil Code of Practice, § 761. See also R.C.A. 1.340.

We have no choice in view of our previous rulings but to dismiss the appeal. This does not mean that appellant may not prosecute another appeal upon the record now before us by following the mandate of the statute. The judgment was rendered January 31, 1953. At that time, which was prior to the effective date of the new Civil Rules, appellants had two years within which to obtain an appeal from the clerk of this court by filing the record and entering the appropriate motion. This was a vested right which was not affected by

the adoption of the new Rules; nor was the right lost merely because an abortive effort has been made to prosecute an appeal erroneously granted by the trial court.

We have reconsidered the opinion heretofore rendered and consider it appropriate to say now that if an appeal is properly prosecuted by appellant it is very unlikely that the court's decision will be different from that already expressed in our previous opinion.

The opinion of June 25, 1954 is withdrawn, and the appeal granted by the trial court is dismissed.