**Fred MARTIN et al., Appellants,**

v.

**Charles E. HALE'S ADMINISTRATRIX (Opal Nutter) et al., Appellees.**

Court of Appeals of Kentucky.

March 23, 1956.

See, also, 273 S.W.2d 819.

Claude P. Stephens, Prestonburg, for appellants.

Paul C. Combs, C. Kilmer Combs, Prestonsburg, for appellees.

PER CURIAM.

Motion by Fred Martin and Stella Martin for an appeal from so much of a judgment against them as awarded interest from the date of filing the complaint. The suit was by a contractor who had built a house for the Martins, seeking to recover the unpaid balance of the original contract price, together with the cost of some extra work not covered by the contract. The Martins contend that the claim sued upon was an unliquidated one, and therefore interest should have been allowed only from the date of the judgment. The difference in interest amounts to a little more than $1,000.

The rule is that the allowance of interest upon an unliquidated claim is in the discretion of the trial court. Kendall v. Mussman, Ky., 247 S.W.2d 502; Smith's Adm'x v. Smith's Adm'r, 306 Ky. 106, 206 S.W.2d 200; Fidelity & Casualty Co. of New York v. Downey, 284 Ky. 72, 143 S.W. 2d 869; Congoleum-Nairn, Inc., v. M. Livingston & Co., 257 Ky. 573, 78 S.W.2d 781. We cannot say that the trial court in the case before us abused its discretion in allowing interest from the date of filing the complaint.

The motion for an appeal is overruled and the judgment is affirmed.