Irvin C. BECKMAN et al., Appellants,

v.

TIME FINANCE COMPANY, Appellee.

Court of Appeals of Kentucky.

April 22, 1960.

Ephraim K. Lawrence, Jr., Louisville, for appellants.

Thomas S. Dawson, Bullitt, Dawson & Tarrant, Kenneth Davis, Louisville, Louis Cox, Frankfort, for appellee.

WADDILL, Commissioner.

This is the second appeal of this case. Herein appellants Beckman and Beerbohm, a partnership, will be referred to as Beckman, and appellee Time Finance, Inc., will be called Time.

The original judgment awarded Beckman the sum of $11,036.26, with interest thereon amounting to $2,508.09, and dismissed Time's counterclaim for damages. On the former appeal this judgment was reversed with directions to credit Beckman's judgment with the sum of $10,597.68 which this Court awarded Time on its counterclaim. This Court directed that a judgment be entered awarding Beckman a net recovery of $438.58. See Time Finance Company, Inc. v. Beckman, Ky., 295 S.W.2d 346.

On the instant appeal Beckman contends that he is entitled to recover a judgment against Time for the full amount of his original claim with interest thereon, subject however, to be credited by the sum this Court awarded Time on its counter-claim.

█ On the original appeal this Court not only reversed the judgment but also directed the trial judge to enter a specific judgment awarding Beckman a net recovery of $438.58. As there was a final and conclusive adjudication of the case, Beckman cannot challenge the correctness of the judgment directed to be entered. He could complain only of the failure of the trial judge to enter judgment in conformity with the mandate of this Court. Since the judgment appealed from awarded Beckman the sum directed by this Court, Beckman's contention in this respect is without merit. Noel's Adm'x v. Black's Adm'r, 244 Ky. 655, 51 S.W.2d 955; Davis v. Davis, 182 Ky. 805, 208 S.W. 6.

█ Beckman further contends that he is entitled to recover a supersedeas penalty on his original judgment of $13,544.35. This contention is obviously fallacious because the original judgment was reversed except to the extent of $438.58. Therefore, Beckman was entitled to recover a supersedeas penalty on $438.58. KRS 21.-130.

█ On its motion for a cross-appeal Time urges that the judgment entered erroneously allows interest from the date of the filing of the complaint instead of from the date the final judgment was entered. Ordinarily, allowance of interest and the fixing of time from which interest shall accrue are discretionary with the trial court. Martin v. Hale's Adm'x, Ky., 288 S.W.2d 634; Dalton v. Mullins, Ky., 293 S.W.2d 470. We find no abuse of discretion on the part of the trial court in allowing Beckman to recover interest on the sum of $438.58 from the date of the filing of this action since it has been finally de-

termined that this particular amount was due Beckman on that date.

█ Each party claims that the costs incurred in the proceedings should be assessed against his adversary. The trial court correctly assessed the costs of the former appeal against Beckman as Time succeeded in obtaining a reversal of the judgment. In the trial court Beckman won a money judgment and was therefore entitled to recover his costs in that court.

The judgment is affirmed on the direct appeal and the motion for a cross-appeal is overruled.