**Dallas G. HOWARD, Appellant,**

v.

**Betty Lynn HOWARD, Appellee.**

Court of Appeals of Kentucky.

Dec. 15, 1967.

Thomas D. Shumate, Shumate, Shumate & Flaherty, Richmond, for appellant.

Charles R. Coy, John D. Sword, Richmond, for appellee.

DAVIS, Commissioner.

The present controversy comes in the wake of an earlier one adjudicated by this court in Howard v. Howard, Ky., 412 S.W. 2d 243. In that decision we directed that the judgment of the circuit court for alimony in the sum of $23,310 be modified by a judgment for alimony in the sum of $17,335. The judgment on appeal in the former case was affirmed in part and reversed in part, and our mandate was couched in this language:

> "The Court being sufficiently advised, it seems to them the judgment herein is erroneous in part.

> "It is therefore considered that said judgment is affirmed in part and reversed in part with direction to enter a judgment in conformity with this opinion, and that the appellees recover of the appellant ten percent damages on that part of the judgment affirming and superseded herein;

which is ordered to be certified to said court.

"It is further considered that the appellees recover of the appellant their cost herein expended."

Upon remand of the action to the Madison Circuit Court, judgment was entered there on June 26, 1967, awarding the present appellee alimony in the sum of $17,335 and further providing that the amount " * * * is subject to the additional payment of the ten percent (10%) damages for which a Supersedeas Bond was heretofore executed herein on the 15th day of June, 1965." The judgment further provided that the lump sum alimony award · " * * * bears interest at the rate of Six percent (6%) per annum from the 21st day of June, 1965, until paid."

■ The present appeal (prosecuted alternatively on a motion for appeal and as an appeal as a matter of right) attacks so much of the modified judgment as awards recovery of the ten percent damages on the supersedeas bond and interest at six percent from the twenty-first day of June, 1965. The appellant calls attention to Shely v. Votaw, Ky., 272 S.W.2d 462, in which is reiterated the principle that the court's mandate is the official directive of the court and its opinions are " * * * merely advisory to the parties and explanatory of the mandate." Id. 272 S.W.2d 463. We recognize the soundness of that authority, but we do not view it as supporting the contention of the appellant here. KRS 21.130 provides:

"Upon the affirmance of an appeal, or the dismissal of an appeal after it has been docketed in the Court of Appeals, where the appeal is from a judgment for the payment of money, the collection of which, in whole or in part, has been superseded, as provided in the Rules of Civil Procedure, ten percent damages on the amount superseded shall be awarded against the appellant."

CR 73.04, relating to supersedeas bonds, provides in part: "A supersedeas bond may be given to stay proceedings on a part of a judgment, and in such case the bond shall be varied so as to secure the part superseded." In Beckman v. Time Finance Co., Ky., 334 S.W.2d 898, we dealt with a situation similar to the one at bar. There Beckman obtained a judgment aggregating $13,544.35. On appeal the judgment was reversed in part, with directions to enter a new judgment allowing a net recovery to Beckman of $438.58. See Time Finance Co. v. Beckman, Ky., 295 S.W.2d 346. In the second appeal reported in 334 S.W.2d 898, it was observed:

"Beckman further contends that he is entitled to recover a supersedeas penalty on his original judgment of $13,544.35. This contention is obviously fallacious because the original judgment was reversed except to the extent of $438.58. Therefore, Beckman was entitled to recover a supersedeas penalty on $438.58. KRS 21.-130." Id. 334 S.W.2d 899.

It is our view that the trial court properly interpreted our mandate in allowing damages on the supersedeas bond to the extent of the net recovery.

■ As respects the matter of interest at six percent from June 21, 1965, it is our conclusion that the trial court was correct in making the allowance. Beckman v. Time Finance Co., Ky., 334 S.W.2d 898, dealt also with the matter of the allowance of interest in cases of this type. There we noted that the matters of allowing interest and fixing a starting date for its accrual are within the sound discretion of the trial court. We adhere to that principle and conclude that the trial court exercised a proper discretion in fixing the commencement date for interest as it did.

Without exploring the question as to whether the present controversy may be maintained by appeal as a matter of right or requires procedure by motion for appeal, we

sustain the motion for appeal, consolidate it with the appeal as a matter of right, and dispose of both appeals in this opinion.

The judgment is affirmed.

All concur.