**CARROLL FISCAL COURT et al.,
Appellants,**

v.

**Thomas J. McCLOREY, Individually and
d/b/a Howard and Thomas J.
McClorey, Appellee.**

Court of Appeals of Kentucky.

May 29, 1970.

James W. Shepherd, Carroll County Atty., Carrollton, for appellants.

James A. Nolan, Ware, Bryson, Nolan & West, Covington, for appellee and cross-appellant.

CLAY, Commissioner.

This is an appeal from a judgment awarding appellee an architect's fee in the amount of $6,556 against the Carroll Fiscal Court. Appellee's claim was for a larger fee and he has cross-appealed from so much of the judgment as disallowed the additional sum.

On January 2, 1963, the parties entered into a written agreement concerning architectural services to be rendered by appellee in the design and construction of a courthouse annex. Appellee's compensation was to be a sum equal to 4% of the cost of the project, plus an additional sum of 2% of the cost thereof for supervision during construction. The contract provided:

"* * * It is agreed by the parties hereto that if *funds* are not obtained or *made available for the construction of the above-mentioned project,* then this agreement shall not be binding upon the parties hereto and that there shall be no charge for the preliminary work performed by the architect. However, it is expressly agreed and understood between the parties hereto that *if funds are made available for the aforementioned project,* then this agreement shall be binding between the parties * * *." (Emphasis added)

An application was made by the fiscal court to the Federal Housing and Home Financing Agency for financial aid. That agency agreed to grant $93,000 as one-half of the estimated cost of the project and the fiscal court accepted this grant. Thereafter by resolution the fiscal agent of the county was instructed to make necessary arrangements for the borrowing of matching funds through the issuance of mortgage bonds. Bids were received which were within the cost estimate. However, the fiscal court did not accept any bids and the project was abandoned.

It is the contention of the fiscal court that there were never any funds obtained or made available for the construction project because the federal grant was contingent upon matching funds raised by the county, and they were never raised. On the other hand, appellee maintains that the word "funds" referred to federal funds, and they were available.

Appellee's argument cannot be accepted. While the contracting parties may have anticipated federal funds, the fee agreement did not refer to such funds. We believe the obvious intention of the parties was that "funds * * * made available" actually were such funds as would be committed to the construction project. The federal funds were never made available for any expenditure. On the other hand, although this conclusion conforms to the position taken by the fiscal court, it does not settle the question of legal liability.

It is true there were never any funds actually committed to this project. However, the failure of the fiscal court to act in good faith to raise the matching funds which would have financed the project, including the architect's fees, was the reason

the project was abandoned. The federal grant had made funds contingently available. Had the court followed through pursuant to its resolution directing its fiscal agent to make necessary arrangements for the borrowing of matching funds, then the source of payment of appellee's fees would have been available. We do not believe the fiscal court could thus avoid its potential obligation by its own default.

In Odem Realty Co. v. Dyer, 242 Ky. 58, 45 S.W.2d 838 (1932), suit was brought by real estate brokers for the recovery of commissions. After performance by the plaintiffs, the defendant failed to go through with the contract which would have entitled the plaintiffs to their commissions. The defendant had agreed to pay part of the commissions out of money collected from the purchaser but, since the contract was not performed, no money was received from the purchaser. It was held that the plaintiffs would have stated a cause of action had they alleged that the money which the parties anticipated would be paid by the purchaser was not made available because of defendant's disregard of his implied obligation not to prevent the performance of the contract. The court said (page 840 of 45 S.W.2d):

"* * * where a person is obligated to make a payment out of particular funds, there is an implied obligation that the person liable will do nothing to prevent performance of the contract. If the fund is to be produced by the efforts of the obligor, or to result from his acts, he is under a duty to exercise reasonable care and diligence to produce the fund or to bring about the result. * * *. And, if it be shown that the party obligated has prevented the creation of the conditions under which the payment would be due, without fault on the part of the other party, he is estopped to avail himself of a situation brought about by his own wrong. An obligation of mutual good faith and fair dealing is imposed by law because of the contractual relations of the parties."

■ A party contracting with a fiscal court has a right to presume that it is going to make a reasonable effort to comply with its contract and to raise available revenue therefor. Pulaski County v. Richardson, 225 Ky. 556, 9 S.W.2d 523, 525 (1928). On the record in this case no valid reason is presented why the fiscal court abandoned the project. After performance by appellee and after acceptance of the federal grant, good faith would seem to require that the fiscal court exercise due diligence to carry out the objective of the contract. We think the burden was on it to justify its nonaction which constituted a repudiation of its implied obligation to the appellee. No such justification was shown. The fiscal court is not in a position to claim that no funds were available, and thereby defeat appellee's claim, when it created that condition without sufficient cause.

■ The fiscal court contends, however, that under KRS 68.300 it lacked authority to appropriate or allow appellee's claim because this prospective indebtedness was not budgeted. We think there are several answers to this contention. In the first place, the source of payment for the architect's fees was not supposed to be a regularly budgeted item. A special fund was designated to satisfy this claim and it was not to be financed by the general revenue of the county.

It further may be observed that the money to be raised was to come from a federal grant and revenue obtained by a bond issue. We assume that the bonds to be issued fell within the scope of KRS 103.290. The fees could have been paid out of federal funds had the project been carried out, and of course this would not have been a payment out of normal county revenue. If the payment was to be made out of revenue realized from the issuance of bonds, under KRS 103.320(3) this would not have constituted a regular budget item.

■ If, however, this prospective indebtedness was a proper budget item, we

find that the 1964–1965 budget of the fiscal court did have such an item of $8,000 for "Carroll County Court Annex". Though this fund eventually was used for a new roof on the courthouse, it could have been used to satisfy appellee's claim. If it had not been budgeted for that particular purpose, under the principle recognized in Clinton County Farm Bur. v. Clinton County Fiscal Ct., Ky., 339 S.W.2d 930 (1960), the obligation to appellee should, if necessary, have been a prior claim against that item. In that case, though a statute (KRS 247.300) required the fiscal court to make an appropriation for a farm bureau, the fiscal court had failed to include such appropriation in its budget. It was held that the fiscal court could not exclude this expenditure by giving priorities to other obligations and excluding the item from the budget.

We are somewhat doubtful that what was in or out of the budget has anything to do with this case. Suppose the fiscal court pursuant to its construction plans had raised the matching funds, had been paid over the federal grant, and had started or completed the project. Could the fiscal court have denied liability on the ground that the architect's fees were not in the current budget? If budgeting this expense was required, the fiscal court under KRS 68.280 could have amended its budget to show the source of receipts unanticipated in the original budget and to provide for the expenditures therefrom. If such budgeting was required, it could have been compelled under the Clinton County case just above cited.

Since we have determined that the lack of specific funds actually committed to this project was the fault of the fiscal court and not the fault of appellee, and since the payment of the architect's fee is a valid obligation of the fiscal court, we are of the opinion that justice requires that it be paid. It certainly can be budgeted for payment. Therefore the Chancellor properly awarded appellee judgment for the amount payable for the preliminary work on this project.

 With respect to the cross-claim of appellee, we are also of the opinion that the Chancellor properly disallowed the additional fee claimed for supervision during construction. The reason is that construction was never undertaken and appellee performed no work in that connection. While it is contended that the fiscal court wrongfully prevented the completion of the contract, we do not think its act in abandoning the project was of the kind which would entitle appellee to damages under the ruling in Ellis v. Knight, Ky., 382 S.W.2d 391 (1964).

Appellee by cross-appeal also contends that the Chancellor erroneously allowed interest from the date of judgment rather than from some prior date. The claim of appellee was an unliquidated one (not determinable until the judgment fixed the amount) and the Chancellor had discretion in the allowance of interest. Martin v. Hale's Administratrix, Ky., 288 S.W.2d 634 (1956).

The judgment is affirmed on the original appeal and affirmed on the cross-appeal.

All concur.