Frank **TAYLOR** et al., Appellants,

v.

Hugh **MERIWETHER**, Appellee.

Court of Appeals of Kentucky.

May 3, 1974.

Rehearing Denied Sept. 13, 1974.

W. M. Cox, Jr., Williamsburg, for appellants.

C. B. Upton, Williamsburg, William M. Scalf, Lexington, for appellee.

CATINNA, Commissioner.

The Whitley County Fiscal Court, acting by and through its duly elected members, entered into a services contract with Hugh Meriwether by which he contracted to provide professional architectural services for the fiscal court in the planning, design, and construction of a new courthouse for Whitley County. In return for such services, Hugh Meriwether was to receive by way of compensation a sum equal to 6% of the amount of the construction cost which amount was to be paid in the following proportions: 5% upon execution of the contract, 15% upon conclusion of the schematic-design phase, 35% at the conclusion of the design development phase, 75% at the conclusion of the construction document phase, and 80% upon receipt of the bids.

The contract, among other things, provided as follows:

"It is further agreed by and between the parties hereto that this agreement is conditioned on the ability of the owner to finance the construction of the project.

"The owner agrees to make every effort to finance the construction of the project through the sale of revenue bonds or other means.

"On evidence of financing ability, this agreement shall be in full force and effect. However, if after *every conscientious effort* the owner is unable to finance the construction of the project, then, and in that event, this agreement shall become null and void and the owner shall be under no obligation to pay the architect any fees or reimbursements of any expenses." (Emphasis ours.)

After the execution of the contract, Meriwether performed all of the services required of him and reported his actions to the fiscal court in the manner and at the time as required by the contract. On June 12, 1967, the Whitley County Fiscal Court met and authorized Meriwether to advertise for bids for the construction of the proposed courthouse. Meriwether duly advertised for such bids; they were received and opened on August 14, 1967, with the lowest bid being in the sum of $739,000.

Minutes of the fiscal court's meeting, as filed in this record, indicate that the bids were opened at the August term, the fourteenth day of August 1967. However, no action was taken on the bids at that time, the minutes reciting in part as follows:

" * * * It was decided to allow the building committee and the Fiscal Court to study the bids and to meet with the archetect (sic) on Monday, August 14, 1967.

"Motion made by Roy Skinner and seconded by Frank Taylor to approve the minutes as read and to adjourn until Monday, August 14, 1967, at 11:00 A.M.,"

It is apparent that some part of the minutes may have been omitted at this point, but the remaining minutes filed in the record do not reflect that the Board ever took any further action on the bids received. The minutes of October 9, 1967,

which indicated that the court tried to take further steps to arrange for a loan or other federal financing stated:

"It is suggested that Bond in the amount of $500,000.00 be approacted (sic) in addition to the money in hand, for the purpose of construction of a Courthouse for the total cost of app. $600,000.00. * * *."

The sheriff was directed to advertise an election for that purpose.

For the sake of continuity, the minutes show that on August 12, 1968, the fiscal court adopted a resolution to put the bond issue on the ballot at the November election. Again on June 9, 1969, the court adopted a motion to put the question of issuing general revenue bonds on the ballot for the November 1969 election. However, there is nothing to reflect that any steps were taken to implement the matters covered by the resolution.

On August 24, 1967, Meriwether submitted a statement for sums due him, pursuant to the terms of the contract, in the amount of $30,209.95. The court refused to pay this amount, and on October 17, 1967, this action was filed.

The fiscal court introduced a plethora of evidence consisting primarily of various witnesses' opinions concerning the possibility of financing the courthouse. The fiscal court introduced no evidence to indicate that it had made any effort, much less a "conscientious effort," to finance the building of the courthouse. The contract provided that it would "make every effort to finance the project through the sale of revenue bonds or other means." These requirements placed a burden upon the fiscal court of going forward with its efforts and not merely relying upon the opinions of the various so-called experts in regard to the feasibility or possibility of financing the construction. The record reflects that the court made no effort to finance the construction, even though Meriwether contacted the Urban Renewal Agency of the federal government on the court's behalf and obtained information and application forms whereby federal financing could be provided.

This record further shows that the members of the fiscal court were at odds to such an extent that the meetings were few and far between, that upon one occasion it was necessary for the county judge to send the sheriff after enough members to get a quorum, and that even after they were present, one of the members walked out of the courtroom and waited in the judge's chambers so that he would not have to participate in the meeting.

The special judge made detailed findings of fact and conclusions of law, found for the architect, Hugh Meriwether, and directed the entry of a judgment awarding him the sum of $30,209.95, together with interest from the date of the judgment.

The Whitley County Fiscal Court, upon this appeal, asserts that the judgment for Meriwether was contrary to the law and the evidence and that the court erred in the assessment of the damages.

We have discussed the factual situation in some considerable detail, as we have concluded that the judgment entered was not contrary to law or to the evidence, nor was it error on the part of the court to assess the damages in the manner as set out in the judgment. The case of Carroll Fiscal Court v. McClorey, Ky., 455 S.W.2d 547 (1970), is dispositive of all of the issues raised by the fiscal court upon this appeal.

The judgment is affirmed.

OSBORNE, C. J., and MILLIKEN, PALMORE, REED, STEINFELD and STEPHENSON, JJ., concur.

JONES, J., not sitting.