**GEORGE M. EADY COMPANY,** Appellant,

v.

**JEFFERSON COUNTY, Kentucky,** Appellee.

Supreme Court of Kentucky.

May 20, 1977.

Rehearing Denied July 1, 1977.

**572**

Charles D. Greenwell, Carl Arthur Henlein, Louisville, for appellant; Middleton, Reutlinger & Baird, Louisville, of counsel.

Stuart L. Adams, Jr., Charles I. Sandmann, Asst. County Attys., Louisville, for appellee.

PALMORE, Justice.

Under facts resembling those in *Humphreys v. J. B. Michael & Co.*, Ky., 341 S.W.2d 229 (1960), the appellant, George M. Eady Company, brought suit against the Louisville and Jefferson County Metropolitan Sewer District and against Jefferson County for $227,000 in damages allegedly resulting from the failure of the county to procure right-of-way titles in time for Eady to perform in accordance with its planned schedule certain excavation work it had contracted to do for the sewer district. On the basis of a "no damages" clause in the contract the trial court entered a summary judgment in favor of the county. The sewer district also was let out by summary judgment, on the ground that its participation in the contract was only as an agent for the county. This appeal is from the judgment in favor of the county.

It was held in *Foley Construction Company v. Ward*, Ky., 375 S.W.2d 392 (1964), that the state may not be sued without its consent either for money due under a contract or for damages arising from the breach of a contract it was authorized to and did make. In *Cullinan v. Jefferson County*, Ky., 418 S.W.2d 407 (1967), a tort action, the same principle was held applicable to a county because it also "is an arm of the state government . . . clothed with the same sovereign immunity." *Id.*, at 418 S.W.2d 408.

Observing that as a result of *Foley* the General Assembly in 1966 had responded with legislation authorizing suits against the Commonwealth for breach of contract, the *Cullinan* opinion (418 S.W.2d at p. 409)

expressed confidence that the General Assembly would exercise the same discretion with respect to county immunity if and when so prompted by public sentiment. Thus far, however, it does not seem to have felt such a call, and counties continue to enjoy their singular protection from the inroads of justice.

In this proceeding the county pleaded its immunity, moved to dismiss, and was entitled to a judgment on that basis. We need look no further.

The judgment is affirmed.

All concur.