**ILLINOIS CENTRAL GULF RAILROAD COMPANY, successor to Illinois Central Railroad Company, Appellant,**

v.

**GRAVES COUNTY FISCAL COURT; Dick Castleman, County Judge; Dick Castleman, Leon Dick, Earl Cartwright, and Rex Benefield, or their successors, Members of the Graves Fiscal Court; and Graves County, Kentucky, Appellees.**

Court of Appeals of Kentucky.

April 27, 1984.

Rehearing Denied June 22, 1984.

Discretionary Review Denied by Supreme Court Oct. 17, 1984.

Mark C. Whitlow, Henry O. Whitlow, Whitlow, Roberts, Houston & Russell, Paducah, for appellant.

Benjamin J. Lookofsky, Mayfield, for appellees.

Before REYNOLDS and WILHOIT, JJ., and B.R. PAXTON, Special Judge*.

WILHOIT, Judge.

This appeal arises from an order of the Graves Circuit Court dismissing the appellant's action on the grounds of sovereign immunity. The issue is whether the court erred in applying the doctrine of sovereign immunity to shield the Graves County Fiscal Court from honoring its contract with the appellant. We reverse and remand.

On or about May 27, 1969, Graves County, Kentucky, through its county judge, executed a contract with the Illinois Central Railroad Company for the installation of an automatic flashing light signal and bell at a grade crossing leading to an industrial park maintained by the county. The county agreed to reimburse the appellant in an amount equal to the cost of the work, which was estimated at $14,990.00. The county judge's authority to sign the agreement arose from a resolution of the Graves Fiscal Court.

Pursuant to the agreement, the appellant installed the signal and presented the county with a bill for $15,366.56. On December 15, 1975, after numerous demands for payment by the appellant, the Graves Fiscal Court resolved to disclaim the debt. The appellant appealed this decision by the Fiscal Court to the Graves Circuit Court on January 13, 1976. Shortly thereafter, the appellees moved to dismiss the appeal on the basis of sovereign immunity. On March 1, 1978, the circuit court ordered the appeal dismissed. The appellant then moved the court to reconsider. That mo-

tion was denied on May 10, 1983. This appeal followed.

The appellant contends the trial court erred in applying the doctrine of sovereign immunity to shield the Fiscal Court from honoring its contract because the doctrine does not bar a suit to enforce the terms of an obligation voluntarily made by a fiscal court. The appellant maintains that while sovereign immunity clearly precludes the state or its subsidiaries, including counties, from being sued for damages in either contract or tort, it does not allow the state to avoid its legal obligations.

The appellant relies in part on a line of cases that holds the doctrine of sovereign immunity does not apply to suits seeking to compel administrative officers to satisfy a liability lawfully created by them. *See, e.g., Board of Councilmen v. State Highway Commissioners*, 236 Ky. 253, 32 S.W.2d 1008 (1930); *Reliance Manufacturing Co. v. Board of Prison Commissioners*, 161 Ky. 135, 170 S.W. 941 (1914). These cases reflect the general rule of law that one who has entered into an authorized contract with a county or state is entitled to sue for payment due. *See* 20 C.J.S. *Counties* § 202(1) (1940). *Foley Construction Co. v. Ward*, Ky., 375 S.W.2d 392 (1964), however, abolished this rule at least with respect to claims against the state.

In holding that because of sovereign immunity Foley could not recover any damages, including the unpaid balance due on his contract with the state, the Court held that *Watkins v. Department of Highways*, Ky., 290 S.W.2d 28 (1956); *Derby Road Building Co. v. Commonwealth*, Ky., 317 S.W.2d 891 (1958); *Humphreys v. J.B. Michael Co.*, Ky., 341 S.W.2d 229 (1960); and the cases cited therein, so far as they permitted the state to be sued on a contract or for damages, were unsound. *Watkins* relied on *Reliance, supra*, and *Board of Councilmen, supra*, and therefore, these cases would appear to have been overruled. We note, however, that the rule allowing citizens to compel performance has been referred to in dictum since *Foley, supra*.

* Special Judge Paxton, a former Judge of this Court, sits by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Constitution of the Commonwealth.

*See, e.g., King v. Sermonis,* Ky., 481 S.W.2d 652 (1972). *Cf. Carroll Fiscal Court v. McClorey,* Ky., 455 S.W.2d 547 (1970).

The *Foley* decision made no mention of the application of sovereign immunity to lawful contracts made by counties, although it did cite with approval a quotation from *Carr v. Jefferson County,* 275 Ky. 685, 122 S.W.2d 482 (1939), a case which discussed in dictum the susceptibility of a county to suit on its lawful contracts. The rule in Kentucky had long been that:

> [b]eing a portion of the state for governmental purposes, a county cannot be sued, unless there is a statute which expressly authorizes such an action to be maintained, or the right to do so, can be necessarily implied from an express power given, or *it may be sued upon an express contract which the County has authority to make.*

*Breathitt County v. Hagins,* 183 Ky. 294, 207 S.W. 713, 714 (1919) (emphasis added). A county's susceptibility to suit upon an express contract legally made by it had also been specifically recognized in *First National Bank v. Christian County,* 32 Ky. Law Rptr. 634, 106 S.W. 831 (1908); *Marion County v. Rives & McChord,* 133 Ky. 477, 118 S.W. 309 (1909); *Kentucky State Park Commission v. Wilder,* 260 Ky. 190, 84 S.W.2d 38 (1935); *Commonwealth v. Sizemore,* 269 Ky. 722, 108 S.W.2d 733 (1937); and *Carr v. Jefferson County, supra.*

After the decision in *Foley,* the Court affirmed a judgment in favor of an architect who had sued the Whitley County Fiscal Court for recovery of money due him under a lawful contract for professional services, which he had fully performed. Although the fiscal court argued the judgment in favor of the architect was "contrary to law," the former Court of Appeals concluded that it was not. *See Taylor v. Meriwether,* Ky., 512 S.W.2d 490 (1974); *see also Carroll Fiscal Court v. McClorey, supra.*

In *George M. Eady Co. v. Jefferson County,* Ky., 551 S.W.2d 571 (1977), however, the Supreme Court held that an ac-

tion against a county for damages due to the breach of its contract to obtain certain rights of way was barred under the holding in *Foley.* It buttressed this decision by citing *Cullinan v. Jefferson County,* Ky., 418 S.W.2d 407 (1967), although that case involved a tort rather than a contractual claim. The Court neither specifically overruled the long-established precedent expressing the traditional rule with respect to the contracts of counties, nor did it appear to consider it. With this in mind, we conclude that the holding in *George M. Eady Co. v. Jefferson County, supra,* was intended to apply only to the specific kind of claim involved there and not to an action such as this to recover the amount agreed by the parties to be paid upon the performance of a contract with a county.

Whether the contract between the parties was a lawful one or whether this claim might be barred by a statute of limitations or by payment to a third party has not been considered by the trial court, and these matters are not yet ripe for our consideration.

The order of the trial court is reversed and this matter is remanded for further proceedings consistent with this opinion.

PAXTON, Special Judge, concurs.

REYNOLDS, J., concurs in the result.