RENDERED: APRIL 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0384-MR

WHITLEY COUNTY FISCAL COURT
AND WHITLEY COUNTY,
KENTUCKY                                                         APPELLANTS


                    APPEAL FROM WHITLEY CIRCUIT COURT
v.                  HONORABLE DANIEL BALLOU, JUDGE
                    ACTION NO. 22-CI-00320


KING-CRETE DRILLING, INC. AND
JIMMY BATES                                                      APPELLEES

AND


NO. 2023-CA-0386-MR

JIMMY BATES, INDIVIDUALLY
AND JIMMY BATES, IN HIS
OFFICIAL CAPACITY AS THE
DIRECTOR OF INFRASTRUCTURE
AND COUNTY PROJECT
DEVELOPMENT                                                      APPELLANTS


                    APPEAL FROM WHITLEY CIRCUIT COURT
v.                  HONORABLE DANIEL BALLOU, JUDGE
                    ACTION NO. 22-CI-00320

KING-CRETE DRILLING, INC.;
WHITLEY COUNTY FISCAL
COURT; AND WHITLEY COUNTY,
KENTUCKY                                                                    APPELLEES


OPINION
REVERSING AND REMANDING
APPEAL NO. 2023-CA-0384-MR
AND
VACATING AND REMANDING
APPEAL NO. 2023-CA-0386-MR

** ** ** ** **

BEFORE:  GOODWINE, KAREM, AND McNEILL, JUDGES.

GOODWINE, JUDGE:  Whitley County Fiscal Court and Whitley County,

Kentucky, (collectively Whitley County), and Jimmy Bates (Bates) individually,

and in his official capacity as Director of Infrastructure and County Property

Development, (collectively Appellants), appeal separately from the Whitley Circuit

Court's interlocutory order denying their motions to dismiss Appellee, King-Crete

Drilling, Inc.'s (King-Crete) complaint under Kentucky Rules of Civil Procedure

(CR) 12.02 for failure to state a claim upon which relief can be granted based on

claims of sovereign and qualified official immunity respectively.  We reverse and

remand Appeal No. 2023-CA-0384-MR and vacate and remand Appeal No. 2023-

CA-0386-MR.

# BACKGROUND

This appeal arises from a contract between Whitley County and King-Crete to repair two sections of the roads that were damaged during the historic flooding in August 2021. King-Crete sued Whitley County for breach of contract for monies owed for completed repair work and sued Bates for intentional and negligent misrepresentation alleging he authorized the additional work and assured King-Crete would be paid.[1] Bates was not a party to the contract. The Federal Emergency Management Agency (FEMA) funded the repair projects.

Whitley County solicited competitive bids for several FEMA-funded road repairs based on FEMA-required specifications. Whitley County accepted King-Crete's bids for two of the projects. King-Crete was the lowest bidder. Once the repair work was completed, King-Crete submitted invoices higher than its original bid. Whitley County paid King-Crete the original bid amounts, and King-Crete sued to recover more than the agreed-upon bid price, contending Bates authorized the additional work and assured it would be paid.

King-Crete initially filed suit against Bates individually and identified him as the Director of Infrastructure and County Project Development for the Whitley County Fiscal Court, alleging intentional and negligent misrepresentations

---

[1] There is no record of any such communications nor any written changes to the work specifications.

relating to the project. In paragraph 34 of its Verified Complaint, King-Crete specifically stated it was suing Bates in his individual capacity. Record (R.) at 7. King-Crete subsequently amended its complaint and added Whitley County, alleging a breach of contract and unjust enrichment. R. at 24-27.

In its complaint, King-Crete alleged (1) that Bates knew or acted recklessly in making false representations and assurances as to repayment for the actual repairs, R. at 19-20; (2) that Bates had a duty to exercise reasonable care to avoid misrepresentations but breached this duty by assuring King-Crete that Whitley County would pay above the initial bid, R. at 21-25; and (3) that Bates had a "statutory and/or regulatory duty to maintain the safety of the county's infrastructure including its county roads" and failed to carry out the ministerial functions required of his office. R. at 34.

Whitley County and Bates filed motions to dismiss, contending that sovereign immunity and qualified official immunity barred all claims. Following a hearing, the circuit court entered an order on March 10, 2022, denying the Appellants' motions to dismiss based on immunity, and these interlocutory appeals followed.

## ANALYSIS

The denial of a motion to dismiss is typically interlocutory and not subject to appeal, as appellate review is available solely for final judgments. CR

54.01.  Nevertheless, "when an appeal is based on a claim of sovereign immunity, immediate *de novo* review is available upon request."  *County Employees Retirement Systems v. Frontier Housing, Inc.*, 536 S.W.3d 712, 713 (Ky. App. 2017) (citing *Breathitt County Bd. of Educ. v. Prater*, 292 S.W.3d 883, 886 (Ky. 2009)).  Consequently, an appellate court has jurisdiction to consider the denial of a motion to dismiss directly connected to a claim of sovereign immunity.  *Id.* at 713-14.

In *Fox v. Grayson*, our Supreme Court thoroughly addressed the standard of review for motions to dismiss:

> A motion to dismiss for failure to state a claim upon which relief may be granted admits as true the material facts of the complaint.  So a court should not grant such a motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved. . . .  Accordingly, the pleadings should be liberally construed in the light most favorable to the plaintiff, all allegations being taken as true.  This exacting standard of review eliminates any need by the trial court to make findings of fact; rather, the question is purely a matter of law.  Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?  Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead an appellate court reviews the issue de novo.

317 S.W.3d 1, 7 (Ky. 2010) (internal quotation marks and footnotes omitted).

"Because we are concerned only with whether the complaint states a cause of action and not liability, our decision necessarily depends on the allegations made in the complaint." *Taylor v. Maxson*, 483 S.W.3d 852, 855 (Ky. App. 2016) (citations omitted).

The Appellants assert that the complaint does not state a claim upon which relief can be granted because they are entitled to immunity. Immunity from suit is a sovereign right of the state. *Yanero v. Davis*, 65 S.W.3d 510, 517 (Ky. 2001). No one can sue the State without its consent. *Id.* "The General Assembly may, by law, direct in what manner and in what courts suits may be brought against the Commonwealth." KENTUCKY CONSTITUTION, Section 231. Absent statutory authorization, the Commonwealth is immune from suit for breach of contract. University of Louisville v. Rothstein, 532 S.W.3d 644, 649 (Ky. 2017). Kentucky Revised Statutes (KRS) 45A.245(1) allows actions against the Commonwealth on written contracts, "including but not limited to actions either for breach of contracts or for enforcement of contracts or for both."

A county "is a political subdivision of the Commonwealth as well, and as such is an arm of the state government. It, too, is clothed with the same sovereign immunity." *Cullinan v. Jefferson County*, 418 S.W.2d 407, 408 (Ky. 1967, *overruled on other grounds by Yanero v. Davis*, 65 S.W.3d 510, 527 (Ky. 2001). Likewise, counties are immune from suits for breach of contract. *George*

*M. Eady Co. v. Jefferson County*, 551 S.W.2d 571, 572 (Ky. 1977).  There is no statutory waiver of immunity from suits on contracts for counties as there is for the Commonwealth.[2]  *Id.*

It is undisputed that Bates was not a party to the contract and cannot be held individually liable for deficiencies in payment.  *General Electric v. American Buyers Cooperative, Inc.*, 316 S.W.2d 354 (Ky. 1958).  Only Whitley County can be held liable for any deficiencies in payment, and it is protected by sovereign immunity.

As to King-Crete's allegations of intentional or negligent misrepresentation against Bates, Bates argues he is entitled to qualified official immunity.  Applying qualified official immunity to employment activities or decisions can be problematic.  *Patton v. Bickford*, 529 S.W.3d 717 (Ky. 2016).  In *Patton*, our Supreme Court noted:

> The application of qualified official immunity to particular activities has long been problematic and this case is no different.  Qualified official immunity, generally speaking, is "immunity from tort liability afforded to public officers and employees for acts performed in the exercise of their discretionary functions."  *Yanero v. Davis*, 65 S.W.3d 510, 521 (Ky. 2001).  Qualified immunity applies only to the negligent performance of duties that are discretionary in nature.  A government official is not afforded immunity from tort liability for the negligent performance of a ministerial

---

[2] A different panel of this Court so held in *Trace Creek Construction, Inc. v. Harlan Cnty. Fiscal Court*, No. 2007-CA-000328-MR, 2008 WL 1991647 (Ky. App. 2008).

act. The act of "governing cannot be a tort, but failing to carry out the government's commands properly when the acts [to be performed] are known and certain can be." *Marson v. Thomason*, 438 S.W.3d 292, 296 (Ky. 2014).

Categorizing actions as either the performance of a discretionary duty or the performance of a ministerial duty is vexing to litigants and courts alike. We recently affirmed that the distinction "rests not on the status or title of the officer or employee, but on the function being performed. Indeed, most immunity issues are resolved by examining the nature of the functions with which a particular official or class of officials has been lawfully entrusted." *Id.* at 296-297 (internal quotes and citation omitted). A somewhat rudimentary expression of the distinction between discretionary and ministerial acts provides that "[p]romulgation of rules is a discretionary function; enforcement of those rules is a ministerial function." *Williams v. Kentucky Department of Education*, 113 S.W.3d 145, 150 (Ky. 2003) (citations omitted). This is, of course, too simple for most circumstances, but it serves as a sound point from which to begin.

*Id.* at 723-24.

King-Crete alleges that Bates is the Director of Infrastructure and County Project Development, and as such had a statutory and regulatory duty to maintain the safety of the county's infrastructure, including county roads. It further alleges this duty is ministerial but alternatively argues that if it was discretionary, it was performed in bad faith.

Bates denies making any statements claimed by King-Crete; that he was not able to alter or dictate new terms as to a written contract executed by

Whitley County and King-Crete's reliance on any assurances offered would be unreasonable under the circumstances. Any mistakes made in speculating what Whitley County would pay fall within the qualified immunity and discretional authority that Bates was allowed to carry out his duties. Nowhere in any of the pleadings has King-Crete alleged that Bates acted outside Whitley County's authority. Instead, in its brief, King-Crete refers to the County and Bates as the principal and agent. King-Crete states:

> The Amended Complaint alleges that Bates, as an agent of the County, contracted with King-Crete for the rebuilding and repair of roads damaged by flooding. As part of that contract, Bates bound the County to pay King-Crete's unit-priced bids for the materials and labor incurred in restoring the roads to industry and county standards. As an agent of the County, Bates is liable to King-Crete co-extensively with the County[.]

Appellee Brief at 8 (responding to Bates).[3]

Whitley County paid the full amount owed under the contract, consistent with the initial bid that had to comply with FEMA specifications. King-Crete has never disputed that Whitley County has satisfied those terms by paying the full amount from both of King-Crete's bids. King-Crete conceded the FEMA bid specifications detailed specific amounts of material and labor for the repairs. The bids show that King-Crete bid a lump-sum total based on the itemized FEMA

---

[3] We have reviewed the First Amended Complaint (R. at 24-27) and do not find a specific reference to a principal/agency relationship.

specifications. King-Crete asserts that it knew all along that the bid amount totals it submitted were insufficient to perform the work. King-Crete did not have to submit a bid it thought was insufficient to cover labor costs and materials. It certainly could have increased its bid sufficient to cover whatever it believed to be the necessary labor costs and materials. Under an unjust enrichment theory, King-Crete's claims for extra-contractual relief are similarly barred by sovereign immunity. *Lipson v. Univ. of Louisville*, 556 S.W.3d 18, 28 (Ky. App. 2018).

King-Crete alleges Bates as "Director of Road Infrastructure and County Project Development for the Whitley County Fiscal Court is Charged with the statutory and/or regulatory duty of maintaining and ensuring the safety of the county's infrastructure including its county roads." R. at 34. "To establish a negligence claim against a public official, the complaint must allege a violation of a special duty owed to a specific identifiable person and not merely breach of a general duty owed to the public at large." *Fryman v. Harrison*, 896 S.W.2d 908, 910 (Ky. 1995). King-Crete failed to allege a special duty.

The record is insufficiently developed regarding Bates' duties. The question of whether Bates' duties generally and specifically, statutory and/or regulatory, were ministerial or discretionary is fact-specific. *Kea-Ham Contracting, Inc. v. Floyd County Development Authority*, 37 S.W.3d 703 (2000). The trial court made no findings in this regard in its order denying Bates' motion to

dismiss based on qualified official immunity. Without a determination from the trial court of whether Bates' duties, as established from evidence obtained during discovery, are ministerial or discretionary, and, if discretionary, whether performed in bad faith, we are unable to assess whether the trial court's denial of Bates' motion to dismiss was appropriate.

Thus, we remand for the parties to conduct discovery and establish Bates' duties as Director of Infrastructure and County Development. Once the general and specific duties are fleshed out through discovery, Bates may request the trial court to determine summarily whether said duties are ministerial or discretionary, and if discretionary, whether performed in bad faith. If the trial court determines Bates is still not entitled to qualified official immunity, Bates may seek interlocutory relief.

Any arguments not addressed are deemed irrelevant, redundant, or unnecessary to dispose of the issues herein.

## <u>CONCLUSION</u>

Based on the foregoing, we reverse the Order of the Whitley Circuit Court in Appeal No. 2023-CA-0384-MR and remand for entry of an order dismissing Whitley County; and we vacate the Order of the Whitley Circuit Court in Appeal No. 2023-CA-0386-MR and remand for further proceedings regarding Bates consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANTS
WHITLEY COUNTY FISCAL
COURT AND WHITLEY
COUNTY:

Griffin Terry Sumner
Michelle C. Fox
Louisville, Kentucky

BRIEF FOR APPELLANT
JIMMY BATES:

Jason E. Williams
John F. Kelley, Jr.
London, Kentucky

BRIEFS FOR APPELLEE:

R. Aaron Hostettler
London, Kentucky